[No. B045439. Second Dist., Div. Five. Sept. 17, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN BERTRAM AUSTELL, Defendant and Appellant.

COUNSEL

Lauri Kay Brown, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Mark Alan Hart and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ASHBY, J.**—Kevin Bertram Austell appeals from the judgment entered following a jury trial in which he was convicted of unlawfully driving or

taking a vehicle and receiving stolen property, with an admission of a prior felony conviction for which he served a prison term. (Veh. Code, § 10851; Pen. Code, §§ 496, 667.5, subd. (b).) He contends: "I. Appellant's convictions for stealing and receiving the same property are improper. II. Failure to instruct on the intent required for receiving stolen property was prejudicial error."

Viewed in accordance with the usual rules on appeal (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110]), the evidence established that, on February 12, 1989, Kirsten Dietrich parked Boris Kostov's 1962 Corvair on Washington Boulevard in Los Angeles County. Its pink slip was in the glove box. Dietrich used an ignition key for the Corvair, but the ignition housing was loose and turning it also started the Corvair. At 8:30 the next morning the Corvair was missing. Kostov and Dietrich did not give appellant consent to take or drive the Corvair.

At approximately 9 p.m. on March 1, 1989, Los Angeles Police Officer Jeffrey Stewart stopped appellant who was driving the Corvair. Appellant had no key, the trunk lock was "punched" and missing, and the Corvair had no license plates and no Department of Motor Vehicle documentation on the window. Appellant had no driver's license or registration, but he handed the officer an altered pink slip and a stack of miscellaneous documents.[1]

■ In arguing that it was improper to convict appellant of violating both Vehicle Code section 10851 and Penal Code section 496, appellant misplaces reliance on *People* v. *Jaramillo* (1976) 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706]. In *Jaramillo* the Supreme Court applied the rule that a defendant may not be convicted of both stealing and receiving the same property, i.e., a person cannot be convicted as both the thief and the receiver. (*Id.* at pp. 757-759.) Since violation of Vehicle Code section 10851 involves either "taking" or "driving," and thus could literally apply to the thief, convictions on both receiving stolen property and Vehicle Code section 10851 would be improper if the latter conviction were based upon a

---

[1] Kostov's name and address were erased from the front of the pink slip and, in their place, someone had written in blue ink Arthur Lee Phillips's name and the address, 621 East Imperial. This address was subsequently determined to be "bad." The back of the pink slip, the certification and application for sale, was blank when normally these portions of the pink slip would be completed had there been a sale. A bill of sale signed by Arthur Phillips was also presented to the officer. The bill of sale was written in the same color blue ink as the alterations on the pink slip and indicated the sale took place at 2:01 a.m. on "2-16-89." Stewart concluded it was not a "true" bill of sale. Appellant told the officer that on February 16, 1989, he purchased the Corvair in "mint condition" from Arthur Lee Phillips for $400. Appellant repeated to the investigating officer the claim that he purchased the vehicle.

"taking" theory. (*Id.* at pp. 757-758.)[2] In *Jaramillo* the Supreme Court reversed because the record did not show whether the jury's verdict of guilt as to Vehicle Code section 10851 was based on driving or on stealing the vehicle, both of which had been prosecution theories at Jaramillo's trial. (*Id.* at p. 759.) Reversal was required because the record permitted an inference, *which was not rebutted*, that the jury *may have* convicted the defendant of violating Vehicle Code section 10851 on the theory that he was the thief. (*Ibid.*)

Here, however, the record rebuts that inference and shows appellant was not prosecuted as the thief. The prosecutor expressly conceded to the jury there was no evidence, direct or circumstantial, that appellant took the car from where it was parked on February 12. The prosecutor expressly told the jury that the prosecution was based on the driving element of Vehicle Code section 10851 and not the taking element. The defense counsel argued that if appellant did not know the car was stolen when he acquired it from Arthur Lee Phillips, appellant was not guilty of violating Vehicle Code section 10851 because he lacked the intent to deprive the owner of title to or possession of the vehicle. In rebuttal argument to the jury the prosecutor agreed with defense counsel that the issue was whether appellant knew the car was stolen when appellant obtained it.

Thus, although the instructions on Vehicle Code section 10851 were not formally modified to delete reference to taking, the record as a whole shows appellant was not prosecuted as the thief and rebuts any inference the jury convicted him on that theory. Appellant's conviction on both counts was proper and consistent with *People* v. *Jaramillo, supra,* 16 Cal.3d at page 759, because appellant was *not* found to be both the thief and the receiver.[3]

██ Appellant's second contention, that the trial court failed to instruct the jury on the intent required for receiving stolen property, is erroneous factually. The trial court expressly instructed the jury in the language of CALJIC 14.65, that in order to prove the crime of receiving stolen property it must be proved the person "actually knew said property was stolen at the time he bought or received such property."

---

[2] Vehicle Code section 10851, subdivision (a) provides: "Any person who *drives or takes* a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . is guilty of a public offense . . . ." (Italics added.)

[3] Thus appellant's interests against multiple punishment were adequately protected by the trial court's stay of execution of sentence on count I, pursuant to Penal Code section 654. (See *People* v. *Jaramillo, supra,* 16 Cal.3d at p. 757 and fn. 5.)

The judgment is affirmed.

Lucas, P. J., and Turner, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 13, 1990.