[No. S120551. May 19, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS OZUNA GARZA, Defendant and Appellant.

870

## COUNSEL

Alan Siraco, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass and Gerald A. Engler, Assistant Attorneys General, Laurence K. Sullivan, John H. Deist and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KENNARD, J.**—This case involves the interplay between two criminal law statutes: one a provision of the Penal Code, the other a provision of the Vehicle Code.

Subdivision (a) of Penal Code section 496 (hereafter section 496(a)) defines the crime of receiving stolen property. It also provides that a person who has been convicted of the theft of property may not also be convicted of receiving the same property. This provision codifies a common law rule prohibiting separate convictions of the same person for stealing and receiving the same property. (*People v. Allen* (1999) 21 Cal.4th 846, 857 [89 Cal.Rptr.2d 279, 984 P.2d 486] (*Allen*).)

Subdivision (a) of Vehicle Code section 10851 (hereafter section 10851(a)), defines the crime of unlawful driving *or* taking of a vehicle. Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away. For this reason, a defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction and may not also be convicted under section 496(a) of receiving the same vehicle as stolen property. On the other hand, unlawful *driving* of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete (for convenience, we will refer to this as posttheft driving). Therefore, a conviction under section 10851(a) for posttheft driving is not a theft conviction and does not preclude a conviction under section 496(a) for receiving the same vehicle as stolen property.

The issue here is whether a conviction under section 10851(a) for unlawful taking or driving of a vehicle bars a conviction under section 496(a) for receiving the same vehicle as stolen property when the evidence at trial adequately supported the section 10851(a) conviction on either a taking or a posttheft driving theory, the prosecutor argued both the taking and the posttheft driving theories to the jury, the trial court's instructions did not require the jury to choose between the theories and did not explain the rule prohibiting convictions for stealing and receiving the same stolen property, and the jury's guilty verdict did not disclose which theory or theories the jurors accepted.

■ Consistent with prior Court of Appeal decisions, we conclude that when, as in this case, the evidence is such that it is not reasonably probable that a properly instructed jury would have found that the defendant took the vehicle but did not engage in any posttheft driving, a reviewing court may construe the Vehicle Code section 10851(a) conviction as a conviction for posttheft driving and on this basis may uphold the conviction under Penal Code section 496(a) for receiving the same vehicle as stolen property. Because the Court of Appeal reached the opposite conclusion, we will reverse its judgment.

## I

AAA Limousine Service (AAA), a limousine rental company with a fleet of around 50 vehicles, employed defendant Carlos Ozuna Garza as a mechanic, but it terminated his employment on or before December 5, 2000. AAA kept many of its vehicles in a fenced lot, the gate to which was often unlocked. It kept the keys to its vehicles on an unlocked board in its dispatch office. While taking an inventory on December 21, 2000, AAA was unable to locate one of its vehicles, a Lincoln Town Car. After waiting six days to see whether the car would turn up, AAA reported it as stolen on December 27, 2000.

Later that same day, San Jose Police Officer Kelvin Pham saw AAA's missing car in the middle of a strip mall parking lot in San Jose two to three blocks from AAA's place of business. The driver's door was open, the interior light was on, defendant was sitting in the driver's seat, the key was in the ignition, and the engine was running. Defendant was awake but seemed sleepy. He did not answer Officer Pham's questions, and when the officer helped him out of the car, defendant was staggering, drooling, and sweating, and his speech was slurred. Officer Pham concluded that defendant was under the influence of PCP or another controlled substance.

The District Attorney of Santa Clara County, by information, charged defendant with violations of section 10851(a) (unlawfully taking or driving another's vehicle), section 496(a) (receiving stolen property), and Health and Safety Code section 11550 (being under the influence of a controlled substance). To charge the section 10851(a) violation, the information alleged that "[o]n or about December 27, 2000" defendant "did drive and take a vehicle . . . without the consent of the owner and with the intent to deprive the owner of title to and possession of the vehicle." The information also alleged that defendant had served two prior prison terms (Pen. Code, § 667.5, subd. (b)).

At trial, the prosecution presented evidence of the facts as stated above, and the defense rested without offering any evidence. In argument to the jury, the prosecutor said: "In this trial the People are asking that the defendant be held accountable for being under the influence of PCP and taking a car that didn't belong to him." Regarding the offense of unlawful taking or driving of a vehicle, the prosecutor said: "The prosecution doesn't have to prove that the defendant took the car 'and' drove it. All the prosecution has to prove is one or the other." The prosecutor argued that there was "a wealth of circumstantial evidence" to prove beyond a reasonable doubt that defendant had taken AAA's vehicle and also to prove that defendant had driven it. The prosecutor said: "Members of the Jury, we know from all the circumstantial evidence that prior to the officer . . . arriving at the strip mall, [defendant] drove the car and took the car." "And we know from the surrounding circumstances he took or he drove that car. He didn't have the right to take that car, and at the time that he was driving it, taking it, he wasn't giving it back."

Regarding the offense of receiving stolen property, the prosecutor stated: "The defendant is charged in Count 2 with receiving stolen property. Basically this is the exact same offense as the one charged in Count 1. The only difference is it requires less proof."

On rebuttal, the prosecutor said: "You have to use all the circumstantial evidence to show that this man knew exactly what he was doing, he took the car and that the car didn't belong to him."

The trial court instructed the jury: "When, as in this case, the crime can be committed in more than one way, the charge is phrased in the conjunctive, using 'and,' in order to advise [the defendant] of the several ways the crime may be committed. However, the proof may require only one of those ways to be committed, phrased in the disjunctive, using 'or,' leaving to the jury the decision as to which way has been proven." The court instructed that to show a violation of section 10851(a), the prosecution had to prove that "[a] person took or drove a vehicle belonging to another person."[1] No unanimity instruction was given.

---

[1] The instruction stated in full: "The defendant is accused in Count One of having violated section 10851 of the Vehicle Code, a crime. [¶] Every person who drives or takes a vehicle not his own without the consent of the owner, and with the specific intent to deprive the owner either permanently or temporarily of his title or possession of the vehicle, is guilty of a violation of Vehicle Code section 10851, a crime. [¶] In order to prove this crime, each of the following elements must be proved: [¶] One. A person took or drove a vehicle belonging to another person; [¶] Two. The other person had not consented to the taking or driving of the vehicle; and [¶] Three. When the person took or drove the vehicle, he had the specific intent to deprive the owner either permanently or temporarily of his title to or possession of the vehicle."

The jury found defendant guilty as charged. The jury's general verdict for the section 10851(a) violation did not specify whether it was based on taking, posttheft driving, or both, and no special finding or special verdict was requested or returned. The prior prison term allegations, which had been bifurcated, were tried to the court, which found the allegations true. At the sentencing hearing, the trial court imposed the upper term of four years for the section 10851(a) violation, with two consecutive one-year enhancement terms for the prior prison terms. The court sentenced defendant to a three-year term for receiving stolen property (§ 496(a)), but it stayed that term under Penal Code section 654, which prohibits multiple punishment for different crimes committed by a single act or omission. For the misdemeanor drug offense, the court imposed a term of six months, to be served concurrently. Defendant appealed.

The Court of Appeal reversed defendant's convictions for receiving stolen property (§ 496(a)) and violating section 10851(a), but it directed the trial court to reinstate the section 10851(a) conviction if the prosecution did not elect "to retry the defendant on a theory permitting the dual conviction." The Court of Appeal interpreted the section 10851(a) conviction as a conviction for "auto theft," and it concluded that defendant could not also be convicted of receiving the same vehicle as stolen property.

This court granted the Attorney General's petition for review.

## II

Section 496(a), as here relevant, provides: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a state prison, or in a county jail for not more than one year. . . . [¶] A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property." The Legislature added the last two sentences by amendment in 1992. (Stats. 1992, ch. 1146, § 1, p. 5374.)

A common law rule likewise prohibits separate convictions for stealing and receiving the same property. (*People v. Jaramillo* (1976) 16 Cal.3d 752, 757 [129 Cal.Rptr. 306, 548 P.2d 706] (*Jaramillo*).) This common law rule has an exception: It does not apply in the uncommon situation "when

there is evidence of *complete divorcement* between the theft and a subsequent receiving, such as when the thief has disposed of the property and subsequently receives it back in a transaction separate from the original theft." (*Id.* at p. 759, fn. 8, italics added.)

As we have explained, the common law rule exists, or may be understood, in both broad and narrow forms. In its broad form, the rule "declares that 'one cannot *be* both thief and receiver of the same stolen property.' " (*Allen, supra,* 21 Cal.4th at p. 853.) In this form, the rule precludes not only "dual convictions of both stealing and receiving the same property," but also a conviction for receiving stolen property "when the defendant has not been *convicted* of stealing the same property but there is *evidence* implicating him in the theft." (*Ibid.*)

By comparison, the narrow form of the common law rule prohibits only dual convictions. "It applies only when the defendant has suffered actual convictions—whether concurrently in one prosecution or consecutively in separate prosecutions—of both stealing and receiving the same property." (*Allen, supra,* 21 Cal.4th at p. 853.)

Before the Legislature's 1992 amendment of section 496(a), which pertains to the crime of receiving stolen property, California law was governed by the common law rule, but from the published appellate decisions it was uncertain whether California recognized the broad or the narrow form of the rule. (See *Allen, supra,* 21 Cal.4th at pp. 851–857 [reviewing cases].) As we have explained, the second sentence of the 1992 amendment—stating that "no person may be convicted both pursuant to this section and of the theft of the same property"—codified the narrow form of the common law rule. (*Allen, supra,* at p. 857.) The first sentence of the 1992 amendment— stating that " '[a] principal in the actual theft of the property may be convicted pursuant to this section' "—effectively abrogated or repudiated the broad form of the rule. Thus, after the Legislature's 1992 amendment of section 496(a), there is no longer any room for doubt that a person who steals property may be convicted of receiving that property, "provided he has not actually been convicted of the theft." (*Allen, supra,* at p. 857.)

Section 10851(a) provides: "Any person who *drives or takes* a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense

and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or in the state prison or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment." (Italics added.)

■ We have observed that section 10851(a) "proscribes a wide range of conduct." (*Jaramillo, supra,* 16 Cal.3d at p. 757.) A person can violate section 10851(a) "either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding)." (*Allen, supra,* 21 Cal.4th at p. 851; accord, *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 205 [96 Cal.Rptr.2d 463, 999 P.2d 686]; see also *People v. Barrick* (1982) 33 Cal.3d 115, 135 [187 Cal.Rptr. 716, 654 P.2d 1243] ["The acts constituting driving a vehicle and taking a vehicle are separate and distinct"]; *Jaramillo, supra,* at p. 759, fn. 6 ["the section prohibits driving as separate and distinct from the act of taking"].)

■ A person who violates section 10851(a) by taking a car with the intent to permanently deprive the owner of possession, and who is convicted of that offense on that basis, cannot also be convicted of receiving the same vehicle as stolen property. (*Jaramillo, supra,* 16 Cal.3d at p. 759; *People v. Briggs* (1971) 19 Cal.App.3d 1034, 1036 [97 Cal.Rptr. 372].) If, on the other hand, a section 10851(a) conviction is based on posttheft driving, a separate conviction under section 496(a) for receiving the same vehicle as stolen property is not precluded. (*Jaramillo, supra,* at p. 758; *People v. Cratty* (1999) 77 Cal.App.4th 98, 102–103 [91 Cal.Rptr.2d 370]; *People v. Austell* (1990) 223 Cal.App.3d 1249, 1252 [273 Cal.Rptr. 212].)

Here, we must decide whether a defendant who is convicted of a section 10851(a) violation (unlawfully taking or driving another's vehicle) may also be convicted under section 496(a) of receiving the same vehicle as stolen property when the evidence does not exclude the possibility that the defendant committed both theft and nontheft forms of the section 10851(a) offense by taking the vehicle with an intent to permanently deprive the owner of possession and later also engaging in posttheft driving. We review in chronological order the most significant published appellate decisions that have addressed this situation.

In *Jaramillo, supra,* 16 Cal.3d 752, police officers found the defendant in a parked car that had been stolen 12 days earlier in a different county. (*Id.* at pp. 754–755.) No witness testified to having seen the defendant either take or drive the car, but the prosecution's circumstantial evidence was sufficient to establish that he had done both. A jury convicted the defendant of unlawful

driving or taking under section 10851(a) and also of receiving stolen property. (*Jaramillo, supra,* at p. 754.) This court observed that it was impossible to determine from the guilty verdict on the section 10851(a) charge "which combination of proscribed conduct and intent resulted in the finding of guilt." (*Jaramillo, supra,* at p. 758.)

■ The dual convictions could not be affirmed, we concluded, and we gave this explanation: "When, as here, . . . the record does not disclose or suggest what specific findings were made in convicting a defendant of a violation of Vehicle Code section 10851 but it nevertheless appears that the fact finder *may have* found that the defendant intended to steal the vehicle, a second conviction based on a further finding that the defendant received that same stolen property is foreclosed." (*Jaramillo, supra,* 16 Cal.3d at p. 759.) "[I]f the fact finder concludes that an accused took a vehicle with intent to permanently deprive the owner of possession or title to the vehicle in violation of Vehicle Code section 10851, he may not also be convicted of a violation of Penal Code section 496, subdivision 1, and the same rule necessarily follows when the record permits an inference which cannot be rebutted that the fact finder may have made such a finding in convicting an accused of a violation of Vehicle Code section 10851." (*Id.* at p. 759.) We reversed the judgment as to both convictions, but we allowed the trial court to reinstate the section 10851(a) conviction if the prosecution elected not to retry the defendant as to either or both of the charges. (*Jaramillo, supra,* at p. 760.)

In *People v. Austell, supra,* 223 Cal.App.3d 1249, 1251, a police officer stopped the defendant as he was driving a car that had been stolen some 16 days earlier. The Court of Appeal concluded that our decision in *Jaramillo, supra,* 16 Cal.3d 752, was distinguishable, and that the defendant was properly convicted of both receiving stolen property and a section 10851(a) violation, because the defendant "was not prosecuted as the thief." (*People v. Austell, supra,* at p. 1252.) "The prosecutor expressly told the jury that the prosecution was based on the driving element of [section 10851(a)] and not the taking element." (*Ibid.*) The court concluded that the record rebutted any inference that the jury had convicted the defendant of a theft offense. (*Ibid.*)

In *People v. Strong* (1994) 30 Cal.App.4th 366, 369 [35 Cal.Rptr.2d 494] (*Strong*), the defendant was arrested while driving a stolen pickup truck, and he was convicted of both receiving stolen property and violating section 10851(a). In its opinion on appeal, the Court of Appeal stated that the evidence at trial conclusively proved that the defendant had *driven* the pickup. (*Strong,* at p. 372.) Although there was also substantial evidence that

the defendant had *taken* the pickup, that evidence was "less conclusive." (*Ibid.*) Moreover, because four days elapsed between the taking and the defendant's arrest while driving the vehicle, and because the driving was not part of a " 'continuous journey away from the *locus* of the theft,' " the taking and the driving were not part of "one continuous violation of section 10851, in which the driving was part and parcel of the taking." (*Id.* at pp. 374–375.) Rather, the taking and the driving were "two distinct violations of section 10851," and therefore a conviction based on the posttheft driving was not a theft conviction and did not bar a conviction for receiving the pickup as stolen property. (*Id.* at p. 374.)

The Court of Appeal in *Strong* stated that the trial court should have instructed the jury "that if it convicted defendant of unlawfully taking the pickup, or of unlawfully driving the pickup as part of the original taking, it could not also convict him of receiving or withholding the pickup." (*Strong, supra,* 30 Cal.App.4th at p. 376.) But the Court of Appeal concluded that the error was harmless beyond a reasonable doubt because the defendant was "indisputably driving the pickup when he was arrested" and no reasonable juror could have found that he was then "still engaged in the original taking." (*Ibid.*) The court affirmed the dual convictions for violating section 10851(a) and receiving stolen property. (*Strong, supra,* at p. 377.)

In *People v. Cratty, supra,* 77 Cal.App.4th 98, 99–100 (*Cratty*), the defendant was convicted of receiving stolen property and violating section 10851(a) based on evidence that a California Highway Patrol officer had stopped and arrested the defendant as he was driving a car that had been stolen some eight months earlier. Because it was undisputed that the defendant drove the stolen car, the Court of Appeal reasoned that "the jury must have at least found that defendant violated the (nontheft) 'driving' provision of section 10851(a)." (*Cratty, supra,* at p. 101.) Because "no reasonable juror could have found that defendant took but did not drive the vehicle," the court said it was "unconcerned with whether the jury 'may have' also found that defendant stole the vehicle in question." (*Ibid.*) The court noted its agreement with the reasoning of *Strong, supra,* 30 Cal.App.4th 366. (*Cratty, supra,* at pp. 102–103.) It summarized its conclusion this way: "Thus, the jury necessarily found defendant violated the (nontheft) driving provision of section 10851(a). *His conviction under that section was not, therefore, a conviction for theft.* Thus, defendant's dual convictions under section 10851(a) and section 496(a) are permissible and do not violate the common law rule." (*Id.* at p. 103, italics added.)

In this case, unlike the cases previously discussed, the Court of Appeal did not at any point in its analysis ask whether defendant's section 10851(a) conviction was for the taking of the vehicle with the intent to permanently deprive the owner of possession, and thus a theft conviction, or merely for posttheft driving of the vehicle, and thus a nontheft conviction. Instead, the Court of Appeal appears to have assumed, without analysis, that defendant's section 10851(a) conviction was a theft conviction. It stated that "a jury found the defendant guilty of auto theft, [and] receiving or retaining stolen property." It framed the issues as whether the "divorcement" exception (described, *ante*, at pp. 874–875) to the rule prohibiting dual convictions for theft and receiving stolen property survived the Legislature's 1992 amendment of section 496(a), and, if so, whether the mere passage of time was sufficient to establish a divorcement between the taking and the receiving of property.

On the first point, the Court of Appeal concluded that the 1992 amendment of section 496(a) had abrogated the "complete divorcement" exception to the bar on dual convictions. It relied on our decision in *Allen, supra,* 21 Cal.4th 846, as support for this conclusion. On the second point, the Court of Appeal concluded that even if the "complete divorcement" exception still existed, it could not be based solely on the passage of time between the initial taking and a later act of withholding or concealing the same property. The court construed *Strong, supra,* 30 Cal.App.4th 366, as holding that the mere passage of time could produce a sufficient divorcement to justify dual convictions, and it expressly disagreed with that holding.

■ The Court of Appeal was correct on one point: The "complete divorcement" exception to the common law rule barring dual convictions for theft and receiving requires more than the mere passage of time. To establish a divorcement between the acts of theft and receiving (or concealing or withholding), there must be a significant break in the defendant's possession and control over the stolen property. (*Jaramillo, supra,* 16 Cal.3d at p. 759, fn. 8.) In other respects, however, the Court of Appeal's analysis went seriously astray.

■ First, this court did not hold in *Allen, supra,* 21 Cal.4th 846, that the 1992 amendment of section 496(a) had abrogated the complete divorcement exception to the bar on dual convictions for stealing and receiving the same property. Rather, we held that the 1992 amendment had eliminated any *need to prove* a complete divorcement when a defendant was being prosecuted only for receiving and not for theft. We reasoned that the 1992 amendment, by repudiating or abrogating the common law rule's broad form, which barred any conviction of the thief for receiving stolen property (whether or not the thief had actually been convicted of theft), had made it clear that, in a

prosecution for receiving alone, the prosecution was not required to prove either that the defendant had not stolen the property or that there was a complete divorcement between the act of theft and the act of receiving (or withholding or concealing). (*Allen, supra,* at p. 858.)

Second, the Court of Appeal in *Strong, supra,* 30 Cal.App.4th 366, did not rely on the complete divorcement exception to the bar on dual convictions for theft and receiving. Instead, the *Strong* court concluded that the defendant's section 10851(a) conviction was not a theft conviction, but was instead a nontheft conviction for unlawful *posttheft driving* of a motor vehicle. In reaching this conclusion, the court reasoned that the taking and the driving of a vehicle could constitute separate and distinct violations of section 10851(a), at least where, as there, the driving was not part of " 'continuous journey away from the *locus* of the theft.' " (*Strong,* at p. 375.) In other words, the court reasoned that, once the initial theft offense was no longer in progress, any posttheft driving of the vehicle constituted a new violation of section 10851(a) that was separable and distinct from the taking.[2]

Finally, the Court of Appeal here erred in assuming, without analysis or explanation, that defendant's conviction for violating section 10851(a) was a theft conviction. As we have explained, section 10851(a) separately prohibits the acts of driving a vehicle and taking a vehicle. (*People v. Barrick, supra,* 33 Cal.3d at p. 135; *Jaramillo, supra,* 16 Cal.3d at p. 759, fn. 6.) Thus, a defendant who steals a vehicle and then continues to drive it after the theft is complete commits separate and distinct violations of section 10851(a). In *Strong, supra,* 30 Cal.App.4th 366, the Court of Appeal appeared to suggest that a taking is complete when the driving is no longer part of a " 'continuous journey away from the *locus* of the theft.' " (*Id.* at p. 375.) One might also suggest that the taking is complete when the taker reaches a place of temporary safety. (Cf. *People v. Barnett* (1998) 17 Cal.4th 1044, 1153 [74 Cal.Rptr.2d 121, 954 P.2d 384] [discussing duration of crime of robbery].) Whatever the precise demarcation point may be (an issue we need not decide

---

[2] The Court of Appeal's mistaken reading of *Strong, supra,* 30 Cal.App.4th 366, reveals that it conflated two somewhat similar but distinct inquiries that are governed by different tests. The first inquiry is whether a theft is legally separate from a later act of receiving stolen property for purposes of the common law prohibition (now codified in section 496(a)) against dual convictions for stealing and receiving the same property. The second inquiry is whether a taking of a vehicle is legally separate from a driving of the same vehicle for purposes of distinguishing separate violations of section 10851(a). The first inquiry—whether a theft is legally separable from a later act of receiving—depends on the existence of a "divorcement" in the sense that the stolen property leaves the thief's possession and control. The second inquiry—whether vehicle driving is legally separable from vehicle taking—depends on whether the driving continues after the taking of the vehicle is complete.

here), once a person who has stolen a car has passed that point, further driving of the vehicle is a separate violation of section 10851(a) that is properly regarded as a nontheft offense for purposes of the dual conviction prohibition of section 496(a).

 As the Courts of Appeal in *Strong, supra,* 30 Cal.App.4th 366, and in *Cratty, supra,* 77 Cal.App.4th 98, properly recognized, where, as here, a defendant's dual convictions for violating section 10851(a) and section 496(a) relate to the same stolen vehicle, the crucial issue usually will be whether the section 10851(a) conviction is for a theft or a nontheft offense. If the conviction is for the *taking* of the vehicle, with the intent to permanently deprive the owner of possession, then it is a theft conviction that bars a conviction of the same person under section 496(a) for receiving the same vehicle as stolen property. Dual convictions are permissible, however, if the section 10851(a) conviction is for posttheft driving of the vehicle.

 In determining here whether defendant's section 10851(a) conviction was for a theft or a nontheft offense, we are guided by certain principles. First, on appeal a judgment is presumed correct, and a party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) The second principle is stated in the California Constitution, article VI, section 13: "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." Applying those principles here, we begin with the presumption that defendant's dual convictions—for unlawful taking or driving under section 10851(a) and for receiving stolen property under section 496(a)—are valid; we will set aside either or both of the convictions only if defendant has affirmatively shown prejudicial error amounting to a miscarriage of justice.

Defendant has demonstrated that error occurred. The trial court erred in not instructing the jury, on its own initiative, that it could not convict defendant both for theft and for receiving the same stolen property. (*Strong, supra,* 30 Cal.App.4th at pp. 375–376; *People v. Black* (1990) 222 Cal.App.3d 523, 525 [271 Cal.Rptr. 771]; see also *United States v. Gaddis* (1976) 424 U.S. 544, 550 [47 L.Ed.2d 222, 96 S.Ct. 1023] [in appropriate cases, a trial court must instruct "the members of the jury that they may not convict the defendant both for robbing a bank and for receiving the proceeds of the robbery"].) To

determine whether this error caused prejudice to defendant amounting to a miscarriage of justice, we ask whether it is reasonably probable that a properly instructed jury would have reached a result more favorable to defendant by not convicting him of violating both section 10851(a) and section 496(a). (See *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

At defendant's trial, Officer Pham testified that at a strip mall parking lot he found defendant sitting in the driver's seat of a car that had been reported stolen six days earlier, with the key in the ignition and the motor running. Officer Pham found no one else in the car, nor did he see anyone else in the area who might have driven it to that location, "right in the middle of the parking lot." Defendant offered no evidence attacking Officer Pham's credibility or suggesting that any other person might have driven the car to that place. The only reasonable inference that a juror could draw from the evidence at trial (see *ante*, at p. 872) was that defendant had driven the car there before being overcome by the effects of drug intoxication. The theft of the vehicle six days earlier was long since complete, and the driving therefore constituted a separate, distinct, and complete violation of section 10851(a). Under these circumstances, we conclude that it is not reasonably probable that a properly instructed jury would have found defendant guilty of violating section 10851(a) by stealing the car but not by posttheft driving. Accordingly, we may uphold both convictions by construing defendant's conviction under section 10851(a) as a nontheft conviction for posttheft driving.[3]

This analysis is consistent with the reasoning of the Courts of Appeal in *Strong, supra,* 30 Cal.App.4th 366, and in *Cratty, supra,* 77 Cal.App.4th 98, both of which we discussed earlier. Although this court used a somewhat different harmless error analysis in *Jaramillo, supra,* 16 Cal.3d 752, that case is distinguishable because it was decided before the Legislature's 1992 amendment of section 496(a) codifying the narrow form of the common law prohibition against dual convictions for stealing and receiving the same property, and our reasoning there may have been influenced by the then-prevailing uncertainty about the scope of the common law prohibition.

---

[3] We construe the People's defense of defendant's conviction for receiving stolen property as an abandonment of any claim that his conviction for violating section 10851(a) is a theft conviction. This election may have future consequences. For example, Penal Code section 666 increases the punishment for petty theft when the defendant has a previous conviction for certain specified offenses, including "auto theft under Section 10851 of the Vehicle Code." Our holding here may well bar future use of defendant's section 10851(a) conviction under this provision.

## DISPOSITION

The Court of Appeal's judgment is reversed with directions to affirm the trial court's judgment.

George, C. J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.