Filed 3/28/14  P. v. Jimenez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PEDRO JIMENEZ,<br><br>Defendant and Appellant. | D063938<br><br><br>(Super. Ct. No. SCD243887) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed.

Michael Anthony Hernandez for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Pedro Jimenez guilty of unlawfully taking or driving a stolen vehicle (Veh. Code, § 10851, subd. (a);[1] count 1); receiving a stolen vehicle (Pen. Code, § 496d; count 2); and failure to comply with a police officer's lawful order (§ 2800; count 3).  On appeal,

---

[1]    All subsequent statutory references are to the Vehicle Code, unless otherwise specified.

Jimenez contends the trial court erred when it did not instruct the jury sua sponte that he could not be simultaneously convicted of count 1 and count 2 for stealing and receiving the same stolen property. We affirm the judgment.

BACKGROUND

On October 13, 2012, at about 1:30 a.m., San Diego Police Sergeant Paul Yang was on patrol. Sergeant Yang observed a car being driven without its headlights on and initiated a stop for the traffic violation. Immediately after stopping the car, the driver stepped out and placed his hands in the air. Sergeant Yang ordered the driver to sit in the car. The driver complied, but he drove away from the traffic stop once he returned to the car. Sergeant Yang pursued the car for one block, but lost it once it turned onto an adjoining street.

A short time later, Officer Stephen Thorn reported he had seen a car that matched the description of the fleeing car. Officer Thorn reported he had detained the car's passenger, but the driver fled on foot behind a nearby house. Sergeant Yang identified the car as the same one that had fled from him, but the officers were unable to locate the driver. Sergeant Yang asked a dispatcher to contact the car's registered owner and it was discovered it had been recently stolen.

On October 13, 2012, at about 11:30 p.m., officers detained two males in connection with a reported disturbance. Sergeant Yang arrived at the scene, immediately identified defendant as the driver of the car that had fled from the traffic stop earlier in the day, and arrested him for the offenses listed above.

Jury trial commenced on April 9, 2013, and the jury found defendant guilty of all three counts on April 12, 2013.

2

DISCUSSION

Defendant contends the trial court erred by not instructing the jury sua sponte that it could not convict defendant for both the theft of the car (§ 10851, subd. (a)) and receiving the same stolen car (Pen. Code, § 496d). The People contend such an instruction was not necessary because defendant was prosecuted for posttheft driving, which is a separate conviction for receiving the stolen car. We agree with the People.

A trial court has a sua sponte duty to instruct the jury on the general principles of law relevant to the issues raised by the evidence. (*People v. Rogers* (2006) 39 Cal.4th 826, 866.) In determining the correctness of jury instructions, the reviewing court looks to the instructions as a whole and considers the arguments of counsel. (*People v. Young* (2005) 34 Cal.4th 1149, 1202.) Whether a trial court properly instructed on the applicable principles of law is reviewed de novo. (*People v. Mathson* (2012) 210 Cal.App.4th 1297, 1311.)

Section 10851, subdivision (a), separately prohibits both the unlawful driving or taking of a vehicle. "A person who violates section 10851[, subdivision] (a) by taking a car with the intent to permanently deprive the owner of possession, and who is convicted of that offense on that basis, cannot also be convicted of receiving the same vehicle as stolen property." (*People v. Garza* (2005) 35 Cal.4th 866, 876.) "If, on the other hand, a section 10851[, subdivision] (a) conviction is based on posttheft driving, a separate conviction . . . for receiving the same vehicle as stolen property is not precluded." (*Ibid.*)

Here, no clarifying instruction was required because defendant was not prosecuted for a section 10851, subdivision (a) theft offense. Although defendant contends the prosecutor presented evidence that the car had been stolen, the record makes clear that the prosecutor did

3

not contend that defendant stole the car. At the outset of closing argument, the prosecutor set forth the basis for the section 10851 charge: "He was driving a stolen vehicle." Later in closing argument, the prosecutor again clarified his theory of the case: "Again, the People are not required to prove how [the] car was stolen; right? [¶] There's no evidence about that. We don't know. But that's not part of what the People are required to prove." The prosecutor yet again made clear that the section 10851, subdivision (a) charge was based on defendant's unlawful driving, not theft, of the car: "So again, we don't have to prove the taking because, honestly, the People don't know how that car was taken. [¶] On the other hand, we do know that the defendant was driving that vehicle at 1:26 in the morning on October 13th, 2012." The prosecutor never once argued or even suggested that defendant had originally stolen the car.

The trial court had no duty to instruct the jury that it was prohibited from convicting defendant of both driving the stolen car and receiving it as stolen property. (Accord, *People v. Austell* (1990) 223 Cal.App.3d 1249, 1252.)

## DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

4