Filed 7/27/16  P. v. Carriedo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIO C. CARRIEDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B261314<br>(Super. Ct. No. 2014021873)<br>(Ventura County) |

Julio C. Carriedo appeals after a jury convicted him of unlawfully driving a vehicle (count 1; Veh. Code, § 10851, subd. (a)), receiving stolen property (count 2; Pen. Code,[1] § 496d, subd. (a)), and possessing a smoking device (count 3; Health & Saf. Code, former § 11364.1, subd. (a), now § 11364, subd. (a)).  In a bifurcated proceeding, the trial court found true allegations that appellant had suffered a prior conviction for vehicle theft (§ 666.5, subd. (a) [hereafter section 666.5(a)]) and had served three prior prison terms (§ 667.5, subd. (b) [hereafter section 667.5(b)]).  The court sentenced appellant to five years on count 1(with four years to be served in county jail followed by one year of mandatory supervision), a concurrent term of three years on count 2, and a concurrent term of six months on count 3.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Appellant contends we must vacate his sentence and remand for resentencing because the court's imposition of the midterm of three years on counts 1 and 2 conflicts with its striking of the section 666.5(a) allegations as to both counts. The People alternatively urge us to vacate the sentence and remand for resentencing on the ground that the court failed to address one of the section 667.5(b) allegations. Appellant also claims he was wrongfully convicted of both unlawfully driving a vehicle and receiving stolen property and was sentenced for both crimes in violation of section 654. Although we reject the latter claim, we vacate the sentence and remand for resentencing as urged by the parties. Otherwise, we affirm.[2]

STATEMENT OF FACTS

At approximately 3:15 p.m. on July 15, 2014, Hugo Hernandez parked his truck in front of his residence in Port Hueneme. He was planning to leave again soon, so he left his keys in the ignition with the doors unlocked. At about 3:30 p.m., Hernandez went outside and discovered that the truck had been stolen. He called the police. A neighbor told the responding officer she had seen a man get into the truck and drive away.

Hernandez and his wife drove around the neighborhood to look for the truck. At about 6:15 p.m., they found it parked in an alley with the doors open. While Hernandez was calling the police, someone got in the truck and drove away. Hernandez followed his truck and observed the driver make a U-turn and park. The police had arrived by then and saw appellant, the truck's sole occupant, get out of the vehicle. Appellant was ordered to get on the ground and he complied, dropping Hernandez's keys as he did so. Appellant claimed he was merely walking across the street and that the keys

_____

[2] While this appeal was pending, appellant filed a petition in the trial court for resentencing under Proposition 47. The trial court denied the petition on its merits, and appellant appealed. We reversed the order denying the petition and remanded with instructions that the petition be dismissed on the ground that the trial court lacked jurisdiction to hear the petition while this appeal was pending. (*People v. Carriedo* (June 28, 2016, B267112) [nonpub. opn.].)

were already on the ground when he got there. A methamphetamine pipe was recovered from his pocket. Hernandez verified that he did not know appellant and had not given him permission to drive his truck. Hernandez searched the truck and found several items that did not belong to him, including a bag of tools, a sweatshirt, sunglasses, and a remote-controlled toy car.

## DISCUSSION

### *Resentencing*

Appellant and the People agree that the matter must be remanded for resentencing, albeit for different reasons. Appellant contends that although the court purported to impose the midterm of three years on count 1 and a concurrent term of three years on count 2, the minute order reflects that the court struck the section 666.5(a) allegations as to both counts. Appellant asserts that without the allegations, the midterm sentence on both counts was actually two years, not three.[3] The People respond that the court's oral pronouncement of the sentence is controlling (see *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2) and reflects no intent to strike the section 666.5(a) allegations. They contend that resentencing is nevertheless required because the court failed to address one of the section 667.5(b) enhancements in orally pronouncing the sentence. Although a minute order states that the enhancement was stricken, the oral pronouncement of sentence is silent on the issue.

We agree that a remand for resentencing is required. Section 667.5(b) enhancements may be stricken or dismissed in the interests of justice, but only if the trial court orally sets forth its reasons for doing so on the record. (§ 1385, subd. (a); *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 531; *People v. Garcia* (2008) 167

---

[3] Section 666.5(a) provides in relevant part that "[e]very person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code, . . . or a felony violation of Section 496d regardless of whether or not the person actually served a prior prison term for those offenses, is subsequently convicted of any of these offenses shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years . . . ."

3

Cal.App.4th 1550, 1559; see also *People v. Williams* (1980) 103 Cal.App.3d 507, 519 ["Even where a trial court expressly states that intends to strike the [section 667.5(b)] prior as an act of leniency, it must state supporting reasons on the record"].)  Because the court in this case failed to orally strike the subject section 677.5(b) enhancement or set forth its reasons for doing so, we must vacate the judgment and remand for resentencing. (*Garcia*, at p. 1561.)  In resentencing appellant, the court shall also ensure that the record correctly reflects its other sentencing choices.

*Common Law and Section 654*

Appellant contends he was wrongfully convicted and sentenced on both counts 1 and 2 for unlawfully driving a stolen vehicle (Veh. Code, § 10851, subd. (a)) and receiving the same stolen vehicle (§ 496d, subd. (a)).  He asserts that his conviction and sentencing on both counts "violates the common law prohibition of separate convictions for stealing and receiving and section 654."  We disagree.

"Subdivision (a) of Vehicle Code section 10851 (hereafter section 10851(a)), defines the crime of unlawful driving *or* taking of a vehicle.  Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away.  For this reason, a defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction and may not also be convicted under section 496(a) of receiving the same vehicle as stolen property.  On the other hand, unlawful *driving* of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete . . . .  Therefore, a conviction under section 10851(a) for posttheft driving is not a theft conviction and does not preclude a conviction under section 496(a) for receiving the same vehicle as stolen property."  (*People v. Garza* (2005) 35 Cal.4th 866, 871.)

Here, the record reflects that the jury convicted appellant of unlawfully *driving* the stolen truck.  The jury instructions and verdict form on count 1 exclusively

4

referred to appellant driving the vehicle.**4**  Moreover, the prosecutor made clear to the jury that appellant was not being prosecuted for violating Vehicle Code section 10851, subdivision (a) on the theory that he took the truck.  The prosecutor stated:  "You don't have to find that the defendant stole the struck in front of Hernandez's house.  All you have to do for this count is to find whether the defendant was driving the vehicle and whether the defendant had permission to drive the vehicle and whether he intended to deprive the owner."  Accordingly, appellant was properly convicted of both driving and receiving the stolen vehicle.  (See *People v. Austell* (1990) 223 Cal.App.3d 1249, 1252 [defendant was properly convicted of violating both Vehicle Code section 10851 and section 496 where "[t]he prosecutor expressly told the jury that the prosecution was based on the driving element of Vehicle Code section 10851 and not the taking element"].)**5**

We also reject appellant's claim that he was sentenced on both counts in violation of section 654.  That statute "'precludes multiple punishment for a single act or indivisible course of conduct punishable under more than one criminal statute.'" (*People v. Hairston* (2009) 174 Cal.App.4th 231, 240.)  A defendant who had "multiple or simultaneous objectives, independent of and not merely incidental to each other," may be "punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct. [Citation.]"  (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 267-268.)

---

**4** The jury instructions stated:  "The defendant is charged in Count 1 with unlawfully driving a vehicle in violation of Vehicle Code section 10851.  [¶]  To prove that the defendant is guilty of this crime, the People must prove that:  [¶]  1.  The defendant drove someone else's vehicle without the owner's consent; [¶]  AND [¶]  2.  When the defendant did so, he intended to deprive the owner of possession or ownership of the vehicle for any period of time."

**5** Appellant's citation to *People v. Strong* (1994) 30 Cal.App.4th 366, is unavailing.  In that case, "[t]he prosecution refused to elect to proceed exclusively on an unlawful driving theory, and insisted on going to the jury on alternate theories of both unlawful driving and unlawful taking."  (*Id.* at p. 376.)

In asserting that section 654 applies here, appellant reasons that he "took the truck, drove it a few miles, stopped in an alleyway, drove around the block and parked it on the street where he was apprehended. Absent any evidence that others were involved or that appellant had reached a temporary place of safety [*sic*], the only reasonable interpretation of the evidence is that appellant engaged in one continuous course of conduct and the taking, driving, and possessing were all part of the same activity." We are not persuaded. The truck was stolen three hours before appellant was apprehended. When Hernandez found the truck, it was parked in an alley and unattended. Moreover, personal items not belonging to Hernandez were found in the truck. In light of this evidence, appellant was properly punished for both receiving the truck and driving it.

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing. In resentencing appellant, the trial court shall clarify its sentencing choices regarding the section 666.5(a) allegations and ensure that all three section 667.5(b) allegations are addressed. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

6

Manuel J. Covarrubias, Judge

Superior Court County of Ventura

_____

        Christina Alvarez Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Abtin Amir, Deputy Attorney General, for Plaintiff and Respondent.