Filed 1/21/21  P. v. Castillo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HERIBERTO ARCE CASTILLO,<br><br>    Defendant and Appellant. | 2d Crim. No. B304142<br>(Super. Ct. No. 2018043668)<br>(Ventura County) |

Heriberto Arce Castillo appeals from the judgment after a jury convicted him of evading an officer with willful or wanton disregard for safety (Veh. Code,[1] § 2800.2, subd. (a); count 1), eluding a pursuing peace officer by driving the opposite direction of lawful traffic (§ 2800.4; count 2), unlawful driving of a vehicle (§ 10851, subd. (a); count 3), receiving stolen property (Pen. Code, § 496d, subd. (a); count 4), and possessing a billy club

---

[1] Further unspecified statutory references are to the Vehicle Code.

(Pen. Code, § 22210; count 5). The trial court sentenced Castillo to sixteen months in state prison.

Castillo contends (1) his conviction for unlawfully driving a vehicle precludes his conviction for receiving stolen property; (2) the jury was not properly instructed on receiving stolen property; (3) the abstract of judgment must be amended to reflect that unlawful driving was not a theft offense; (4) the abstract of judgment must be corrected to exclude certain fees; and (5) punishment on counts 2, 3, and 4 should have been stayed pursuant to Penal Code section 654. We remand to the trial court with direction to modify the abstract of judgment to reflect that count 3 was not a theft offense, to decide whether to impose court facilities and criminal conviction fees, and to order the sentence on either of counts 3 or 4 to be stayed. In all other respects, the judgment is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

The owner of a Honda Odyssey called the police to report that her car, which had been parked in front of her Burbank home, was missing. Later the same day, California Highway Patrol officers in Ventura County responded to a dispatch call reporting the Honda driver "driving recklessly" on a highway. The officers initiated a traffic stop. The Honda driver accelerated to 100 miles per hour and weaved in and out of traffic lanes. The officers stopped the pursuit for safety reasons. They reported to dispatch the direction the Honda was headed.

Another officer saw the Honda drive past him and saw the driver's face. He identified Castillo as the driver. The officer pursued Castillo, who began driving "at a high rate of speed." Castillo drove the opposite direction of traffic on the

2

freeway at about 100 miles per hour. The officer stopped the pursuit for safety reasons and lost sight of the Honda.

A few minutes later, the officers received a call that the Honda was involved in a collision about five miles from them. When they arrived at the scene, the Honda was abandoned. A witness saw the driver run across the roadway into a field. The witness described the driver as a Hispanic male wearing all black clothing.

The officers set up a perimeter and located Castillo about 200 feet from the Honda. He was lying face down and wearing all black clothing.

## DISCUSSION

### *Unlawful Driving and Receiving Stolen Property*

Castillo contends his conviction for unlawfully driving a vehicle (§ 10851, subd. (a)) precludes a conviction for receiving the same vehicle as stolen property (Pen. Code, § 496d). This contention lacks merit.

Our Supreme Court in *People v. Garza* (2005) 35 Cal.4th 866, 871 (*Garza*), considered whether a conviction under section 10851, subdivision (a) bars a conviction for Pen. Code, § 496, subdivision (a) (receiving stolen property). There, a limousine rental company reported a stolen vehicle. (*Garza*, *supra*, at p. 872.) The police found the vehicle six days later in a parking lot with the defendant sitting in the driver's seat. (*Ibid.*) The jury found the defendant guilty of both violating section 10851, subdivision (a) and Penal Code section 496, subdivision (a). (*Id.* at p. 874.) The Court of Appeal reversed. It interpreted the violation of section 10851 as an "'auto theft'" and concluded the defendant could not also be convicted of receiving the same vehicle as stolen property. (*Ibid.*)

3

The Supreme Court reversed. It explained that a person can violate section 10851, subdivision (a) by unlawful driving *or* taking of a vehicle. "Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away." (*Garza, supra,* 35 Cal.4th at p. 871.) A person convicted of unlawfully *taking* a vehicle with the intent to permanently deprive the owner cannot be convicted of receiving the same vehicle as stolen property. (*Ibid.*) "On the other hand, unlawful *driving* of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete ('. . . posttheft driving'). Therefore, a conviction under section 10851(a) for posttheft driving is not a theft conviction and does not preclude a conviction . . . for receiving the same vehicle as stolen property." (*Ibid.*, emphasis in original.) Because the evidence supported a finding that the defendant violated section 10851 by posttheft driving, the court held that defendant could be convicted of both unlawful driving and receiving stolen property. (*Ibid.*)

Moreover, our Supreme Court in *People v. Page* (2017) 3 Cal.5th 1175, 1183 (*Page*), observed that "[r]egardless of whether the defendant drove or took the vehicle, he did not commit auto theft if he lacked the intent to steal." A defendant may therefore be convicted of both "joyriding" (i.e., driving with the intent to temporarily deprive the owner of possession) and receiving the same vehicle as stolen property. (*Ibid*; see *Garza, supra,* 35 Cal.4th at p. 876 [defining joyriding].)

Here, there is no dispute Castillo was convicted of section 10851, subdivision (a) under a theory of joyriding. The prosecutor explained that the jury did not need to find Castillo

4

took the vehicle to find him guilty of violating section 10851.  The jury was also instructed with CALCRIM No. 1820 pursuant to a joyriding theory, which requires proof that Castillo:  (1) "drove someone else's vehicle without the owner's consent"; and (2) "intended to deprive the owner of possession or ownership of the vehicle for any period of time."  Castillo was therefore convicted of unlawful *driving*, not unlawful *taking*.  Nothing precluded Castillo from being convicted of both joyriding and receiving stolen property.  (*Garza, supra*, 35 Cal.4th at p. 871; *Page, supra*, 3 Cal.5th at p. 1183.)

Castillo argues he cannot be convicted of both joyriding and receiving stolen property because he cannot intend to temporarily deprive the owner of possession and simultaneously intend to permanently deprive the owner of possession.  Castillo is wrong.  (*Page, supra*, 3 Cal.5th at p. 1183.)  He also misstates the intent requirement for receiving stolen property.  To prove a defendant guilty of receiving stolen property, the prosecution need only show defendant's knowledge that the property was stolen.  (*People v. Reyes* (1997) 52 Cal.App.4th 975, 985.)  Proof that the defendant intended to permanently deprive the owner of possession is not required.  (See Pen. Code, § 496d; CALCRIM No. 1750.)  Thus, dual convictions can be upheld where a person unlawfully drives a vehicle that they know was stolen by another person.

### *Jury Instruction on Receiving Stolen Property*

Castillo contends the trial court improperly instructed the jury on receiving stolen property.  He argues it should have instructed on the definition of theft by larceny.  The contention is forfeited.

5

The trial court has a duty to instruct on the general principles of law relevant to the issues raised in the case. This includes instruction on all elements of a charged offense. (*People v. Sedeno* (1974) 10 Cal.3d 703, 715, overruled on another ground by *People v. Breverman* (1998) 19 Cal.4th 142, 163.) We review the legal adequacy of an instruction de novo. (*People v. Cole* (2004) 33 Cal.4th 1158, 1210.)

Where jury instructions are adequate, the trial court is not obligated to give a clarifying instruction without a request to do so. (*People v. Mayfield* (1997) 14 Cal.4th 668, 778.) Failure to request additional clarifying instructions in the court below forfeits a contention on appeal that an instruction was incomplete. (*People v. Russell* (2010) 50 Cal.4th 1228, 1273.)

Here, the trial court properly instructed the jury with CALCRIM No. 1750, which states the prosecution must prove: (1) Castillo "received . . . property that had been stolen"; (2) when he "received . . . the property, he knew that the property had been stolen"; and (3) he "actually knew of the presence of the property." The court further instructed that "[p]roperty is stolen if it was obtained by any type of theft, or by burglary or robbery." These instructions track the language of Penal Code section 496d, subdivision (a), and adequately provide the law relevant to the facts of this case.

The trial court had no obligation to provide instruction on the definition of theft by larceny because it was not relevant. It was undisputed at trial that the Honda was stolen. Castillo's failure to ask for a clarifying instruction regarding the definition of theft by larceny thus forfeited the claim on appeal.

6

### *Abstract of Judgment*

Castillo contends the abstract of judgment must be amended to specify that count 3, unlawful driving of a vehicle, was a non-theft offense.  The Attorney General concedes.  We agree.  An appellate court has the power to order a correction of an abstract of judgment that does not accurately reflect the oral judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  On remand, we direct the clerk of the court to amend the abstract of judgment accordingly.

### *Fees*

Castillo argues the abstract of judgment and sentencing minute order must be amended to strike the $150 court facilities assessment (Gov. Code, § 70373) and the $200 criminal conviction assessment fees (Pen. Code, § 1465.8), because the court did not orally impose them at sentencing.  He also argues the court was required to determine his ability to pay these fees.  (*People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164.)  The Attorney General contends no amendment is necessary because these fees were mandatory.

Because the trial court did not orally impose the court facilities and criminal conviction fees, Castillo did not have an opportunity to object to them.  We direct the trial court on remand to specify whether it imposes these fees and, if so, allow Castillo an opportunity to request a hearing on his ability to pay them.  (*People v. Castellano* (2019) 33 Cal.App.5th 485, 489-491.)

### *Penal Code section 654*

Castillo contends the trial court erred by imposing concurrent sentences for counts 2, 3, and 4.  He contends the court should have stayed each of these sentences pursuant to Penal Code section 654 because they were part of an indivisible

7

course of conduct.  The Attorney General concedes the sentence for count 2 should have been stayed, but argues Castillo harbored a separate intent when he committed counts 3 and 4.  Thus, only one of those sentences (either count 3 or 4) needs to be stayed.  We agree with the Attorney General.

Penal Code section 654 prohibits multiple punishment for a single act.  "'"'Whether a course of criminal conduct is divisible[,] and therefore gives rise to more than one act within the meaning of section 654[,] depends on the intent and objective of the actor.'"'"  (*People v. Jackson* (2016) 1 Cal.5th 269, 354 (*Jackson*).)  If all of the offenses were "merely incidental to" a single objective, or were all "the means of accomplishing or facilitating" that objective, the defendant "may be found to have harbored a single intent and . . . may be punished only once." (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)  But if the defendant "harbored 'multiple criminal objectives[ ]' [that] were independent of and not merely incidental to each other, [they] may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' [Citation.]"  (*Ibid.*)

Intent and objective are factual issues which we will uphold if supported by substantial evidence.  (*Jackson*, *supra*, 1 Cal.5th at p. 354.)  "We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence."  (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

Here, the parties agree the evidence does not support a finding that Castillo harbored a separate intent or objective

8

when he committed counts 1 and 2 (evading and eluding pursuing officers).  His intent in both counts 1 and 2 (the "evading" counts) was to avoid arrest.  The sentence for count 2 should have been stayed.

The parties also agree the evidence does not support a finding that Castillo harbored a separate intent or objective when he committed counts 3 and 4 (unlawful driving and receiving stolen property).  The evidence shows that counts 3 and 4 were pursuant to one single act—driving the stolen Honda.  When Castillo did so, he harbored one intent of depriving the owner of the Honda for a period of time without the owner's consent.  Thus, the sentence for either count 3 or 4 should have been stayed.  (See *People v. Austell* (1990) 223 Cal.App.3d 1249, 1252, fn. 3 [the sentence for unlawful driving was stayed pursuant to section 654, where the appellant was convicted of both unlawful driving and receipt of stolen property, because there was one single act constituting a criminal offense under two statutes].)

However, the evidence supports that when Castillo committed counts 1 and 2, he harbored a separate intent and objective from when he committed counts 3 and 4.  Castillo was driving the stolen Honda before the police began to follow him.  The evidence supports a finding that Castillo formed an intent to drive the vehicle without the owner's consent (counts 3 and 4), and then formed a separate intent to avoid arrest when he evaded the police officers (counts 1 and 2).  Therefore, the sentence for either count 3 or 4, but not both counts, should be stayed.

## DISPOSITION

The matter is remanded with direction to the trial court to specify whether it imposed the court facilities and criminal conviction assessments fees (Gov. Code, § 70373; Pen. Code, § 1465.8) and, if so, allow Castillo the opportunity to request an ability to pay hearing. The court is also directed to stay the sentence for either count 3 or 4, pursuant to Penal Code section 654. The clerk of the superior court shall amend the abstract of judgment and the sentencing minute order to reflect the court's order with respect to the fees and the stay of sentence, and to reflect that the conviction for count 3, unlawful driving, was a non-theft offense. The clerk shall forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


YEGAN, Acting P. J.


PERREN, J.

10

Michele M. Castillo, Judge

Superior Court County of Ventura

_____

Adrian Dresel-Velasquez, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.