Filed 6/23/14  Padilla v. HealthSouth Bakersfield Rehabilitation Hospital CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LARRY L. PADILLA, Plaintiff and Appellant, v. HEALTHSOUTH  BAKERSFIELD REHABILITATION HOSPITAL, LLC, Defendant and Respondent. | F067576 (Super. Ct. No. CV276611) **OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Larry L. Padilla, in propria persona, for Plaintiff and Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth, Mario L. Beltramo, Jr., Scott M. Reddie, and Daniel L. Wainwright for Defendant and Respondent.

-ooOoo-

---

* Before Cornell, Acting P.J., Gomes, J. and Poochigian, J.

Plaintiff Larry L. Padilla (Padilla), acting in propria persona (pro per), appeals from an order entered after the trial court granted defendant HealthSouth Bakersfield Rehabilitation Hospital, LLC's (HealthSouth) motion to dismiss the case for failure to file an amended complaint. Because Padilla has presented no cognizable or intelligible legal argument challenging the judgment, we dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

HealthSouth is a health care provider that operates a 60-bed rehabilitation hospital. Padilla was a patient at HealthSouth from June 2 through June 17, 2010.

Padilla filed an in pro per complaint against HealthSouth on May 11, 2012, asserting claims for general negligence, products liability and premises liability. The only act complained of is that on June 2, 2010, HealthSouth "dropped" him and left him unattended. Padilla alleged he suffered general damages and prayed for punitive damages according to proof.

HealthSouth filed a demurrer to the three causes of action on the grounds they were barred by the applicable statute of limitations, failed to state facts sufficient to constitute a cause of action, and were uncertain, unintelligible and ambiguous. HealthSouth also filed a motion to strike the claim for punitive damages. Padilla did not file oppositions to either the demurrer or the motion to strike.

Padilla appeared in pro per at the January 7, 2013[1] hearing on the demurrer and motion to strike; HealthSouth appeared through its attorney. The trial court sustained the demurrer with leave to amend based on the failure to state facts sufficient to constitute a cause of action and uncertainty (Code Civ. Proc., § 430.10, subds. (e) & (f)), and granted the motion to strike. The court gave Padilla 20 days, or until January 28, to serve and file an amended complaint.

---

[1] Subsequent references to dates are to dates in 2013.

Padilla did not file or serve an amended complaint. Instead, on January 28, counsel for HealthSouth received a handwritten document from Padilla entitled "Demurrer – Cause of Action." This document contained additional details about the alleged incident in which he claims he was hurt and the witnesses to it. Padilla further stated: "Demurrer I filed before one year but because all of my surger[ie]s I had to keep gettin[g] different court dates covered by the Doc and courts. The statute limitation you keep talking about are covered by the courts[.] The demurrer I filed befor[e] the one year I discovered the injury right away I don't know where HealthSouth get all the l[ie]s to the[i]r[] atty. [No] truth to none of it. Judge Sidney Chapin[,] [p]lease no matter how many time I file a demurrer it can[']t be right based on lies on Hospitals words on my demurrer I have had so bad at HealthSouth my home care provide[r] was at the everyday caring for me all the CEO's know all of this have witnesses to all of this. [¶] Please Judge Chapin understand me." (*Sic.*) The court's register of actions does not indicate that the document was filed with the court.

On February 20, HealthSouth filed a motion to dismiss the complaint with prejudice. HealthSouth argued the action should be dismissed with prejudice because Padilla failed to file an amended complaint in response to the court's order sustaining the demurrer with leave to amend. Padilla did not file an opposition to the motion.

At the March 13 hearing, at which Padilla appeared in pro per and HealthSouth appeared through its attorney, the trial court granted HealthSouth's motion to dismiss. A written order dismissing the case with prejudice was filed on April 19. This appeal followed.

## DISCUSSION

On October 15, Padilla submitted an opening brief to this court, which we received but did not file on the ground that it failed to comply with California Rules of

3.

Court, rule 8.204.[2]  Pursuant to rule 8.204(e)(1), we returned the brief to Padilla and granted him 30 days from the date of the order to file a new opening brief that complied with the rules.  The order further provided:  "Should the new opening brief fail to comply with the pertinent rules of court or this order, this court may dismiss the appeal for the failure to file an opening brief that complies with the rules, strike the brief, or find that one or more issues on appeal have been waived.  (*Annod Corp. v. Hamilton & Samuels* (2002) 100 Cal.App.4th 1286, 1301.)"

We received Padilla's opening brief on November 14 and accepted it for filing on November 21.  The brief consists of two handwritten pages.  It begins with a table of contents, which lists an introduction, statement of the case, argument, and conclusion.  The introduction states that this is Padilla's reply from a ruling entered on April 19, which denied "respondent request to set aside of order made April 19, 2013 granting a new trial."  The argument is comprised of one sentence:  "The court erred in denying m[y] reque[s]t to set aside the ruling made on April 19, [20]13 and erred on the paper I produce[d] to prove my case."  In the conclusion, Padilla states that he wants "a fair chance [to] go to trial where I can get 12 people not a judge I never wanted that gave me a trial that[']s all I had judges before Chapin 4 or 5."  He asserted the judge was biased and unfair.

Padilla's brief completely fails to comply with rule 8.204(a).  The brief contains no citations to the record (rule 8.204(a)(1)(C)) and fails to provide this court with a summary of the relevant factual and procedural history (rule 8.204(a)(2)).  These rules are not mere technical requirements that can be easily excused.  "It is the duty of [the parties] to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal."  (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115; see also *Arbaugh v. Procter & Gamble Mfg. Co.* (1978) 80

[2] All further references to rules are to the California Rules of Court.

4.

Cal.App.3d 500, 503, fn. 1 [failure to comply with California Rules of Court requiring summary of material facts supported by appropriate reference to the record may constitute waiver of error].) We are not required to search the record on our own seeking trial court error. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*); *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) This basic rule is a corollary to the equally fundamental principle that a judgment is presumed correct on appeal, "and a party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881.)

In addition to noncompliance with the rules governing appellate briefs, Padilla's opening brief suffers from an even more fundamental defect because it fails to address in any respect the grounds upon which the trial court based its order dismissing his complaint. Padilla's brief fails to explain why the trial court exceeded its discretion in dismissing his complaint after he neglected to file an amended complaint. He argues only that the trial court erred without explanation.

While we are sympathetic toward Padilla's situation, we cannot assist an appellant who fails to provide basic information, such as what is being appealed from, what is being requested, the relevant facts, and a cogent legal argument. Otherwise, all we can do is speculate as to what issues are presented. Simply put, "[i]t is not our responsibility to develop an appellant's argument." (*Alvarez v. Jacmar Pacific Pizza Corp.* (2002) 100 Cal.App.4th 1190, 1206, fn. 11.) "'The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment. It is entitled to the assistance of counsel. Accordingly, every brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' [Citation.] [¶] It is the duty of appellants' counsel, not of the courts, 'by argument and the citation of authorities to show that the claimed error exists.'" (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1050.)

5.

We are aware that Padilla brings this appeal without the benefit of legal representation, but his status as a pro per litigant does not exempt him from the rules of appellate procedure or relieve his burden on appeal. (See *Nwosu*, *supra*, 122 Cal.App.4th at pp. 1246-1247.) We treat pro per litigants like any other party, affording them "'the same, but no greater consideration than other litigants and attorneys.'" (*Id.* at p. 1247.)

When Padilla filed his initial brief and we found it to be defective, we were obligated by rule 8.204(e) to give him a second chance. Our order returning Padilla's brief informed him if his new opening brief failed to comply with the pertinent rules or this court's order, we could dismiss the appeal. On this point, *Berger v. Godden* (1985) 163 Cal.App.3d 1113 is instructive. While applying former California Rules of Court, rule 18, the *Berger* court stated: "We hold that while [California Rules of Court,] rule 18 does contemplate that an appeal not be dismissed because a party has filed one brief which fails to comply with the rules, nothing in the rules precludes dismissal for failure to file a brief substantially in compliance with the rules after the appellate court has made an order striking one nonconforming brief with leave to file a new brief. Obviously implicit in such an order is the directive that the new brief comply with the rules. The order in the present case expressly provided that if a new brief were not filed as specified, the appeal would be dismissed. When a new brief substantially fails to comply with the rules, as in the present case, the appellate court has both statutory and inherent power to dismiss the appeal." (*Berger*, *supra*, 163 Cal.App.3d at p. 1118.)

In this case, Padilla's failure to articulate any relevant legal argument in his opening brief justifies dismissal of the appeal.

## DISPOSITION

The appeal is dismissed.