Filed 5/7/13  P. v. Medina CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C070686 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CR114211, CR094095, CR096061) |
| v. | |
| MARCO ANTONIO MEDINA, | |
| Defendant and Appellant. | |

After defendant Marco Antonio Medina was found to possess information from stolen credit and ATM cards, a jury found him guilty of fraudulent possession of an access card (Pen. Code,[1] § 484e, subd. (d) -- count 1); and receiving stolen property (§ 496, subd. (a) -- count 2).

On appeal, defendant claims the prohibition upon dual convictions for theft and receipt of the same property bars him from being convicted of both charges.  The People concede defendant's conviction on count 2 was improper, and we agree.

BACKGROUND

Oscar Ruiz, an acquaintance of defendant's family, discovered one morning that someone had stolen his wallet from the glove box of his truck.  In his wallet was his bank credit card and his credit union ATM card.  Ruiz reported the theft to police.

---

[1]     Further unspecified statutory references are to the Penal Code.

1

Later that day, deputies encountered defendant walking with Jasmeet Samra across a motel parking lot toward a fast food restaurant. Samra told deputies his identification was in the motel room, and they all went back to the room. In a trash can in the motel room, deputies found Ruiz's stolen credit card and his ATM card. A scrap of paper in the room had the letters "Muf" and "Jess"; defendant's nickname is "Muffin Man" and another person in the room when deputies arrived was named Jessie.

In defendant's pants pocket was a card key that appeared identical to the motel room card key in Samra's possession and a folded piece of paper with Ruiz's name and the account information, pin number and expiration date from Ruiz's credit and ATM cards.

Defendant was charged with acquiring Ruiz's card access information without his consent and with intent to defraud (§ 484e, subd. (d) -- count 1), and with receiving stolen property, i.e., Ruiz's stolen cards (§496, subd. (a) -- count 2).

A jury found him guilty of both charges. The trial court ultimately selected the receiving stolen property charge as the primary conviction, sentenced defendant to prison for the upper term of three years, and committed him to jail under section 1170, subdivision (h); it also sentenced defendant to a three-year (upper) term on the theft conviction, to be served concurrently.[2]

DISCUSSION

Courts have long held that one cannot be convicted of theft and receipt of the same property. (See *People v. Love* (2008) 166 Cal.App.4th 1292, 1298.) The Legislature codified this common law rule in section 496, subdivision (a), which states in pertinent part: "A principal in the actual theft of the property may be convicted pursuant to this

---

[2] Defendant's probation in two other cases was terminated by virtue of his conviction in the present case, and he was sentenced on those two cases in the same proceeding.

section.  However, no person may be convicted both pursuant to this section and of the theft of the same property."  (See *People v. Garza* (2005) 35 Cal.4th 866, 871.)

Section 496 plainly applies when a defendant is convicted of "theft."  Section 484e, subdivision (d) is one of seven statutes imparting special statutory definitions of "theft" that apply in the context of access card offenses.  (See §§ 484, 484d–484j.)  Under section 484e, subdivision (d), a defendant is "guilty of grand theft," if he or she "acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently."  The crime of possessing access card account information does not require that the information actually be used or that the account of an innocent consumer actually be charged or billed.  (*People v. Molina* (2004) 120 Cal.App.4th 507, 516.)

Considering that sections 496 and 484e, subdivision (d) are within the same statutory scheme and use the same term ("theft"), we presume that the Legislature intended section 496, subdivision (a) to apply to section 484e, subdivision (d).  (See *Catholic Mutual Relief Society v. Superior Court* (2007) 42 Cal.4th 358, 371; cf. *People v. Love, supra,* 166 Cal.App.4th at p. 1299 [§ 496, subd. (a) applies to § 484g, subd. (a)].)

Because section 496 prohibits a defendant from being convicted of both "theft" and receipt of the same property, we must determine what "property" is at issue when a defendant commits theft under section 484e, subdivision (d).  By the plain language of the statute, there is only one reasonable conclusion:  the "property" is the "card account information" that defendant intended to use fraudulently.  Here, the jury found defendant possessed the account information from Ruiz's credit card and ATM card for a fraudulent purpose, and also found defendant had received the stolen credit card and ATM card. These represent the same "property," because it is the account information present in and on the card, not the plastic that contains it, which has value.  Other courts have also rejected the notion that "access card account information" in section 484e, subdivision

3

(d) should be construed as meaning "something other than the access card itself." (E.g., *People v. Molina, supra,* 120 Cal.App.4th at pp. 517-519.)

The parties agree that, under these circumstances, the remedy for defendant's having been improperly convicted of both theft and receipt of the same property is to strike his receiving stolen property conviction on count 2. (See, e.g., *People v. Love, supra,* 166 Cal.App.4th at pp. 1300-1301.) We agree, and shall direct the trial court to do so.

In view of our conclusion, we do not address defendant's alternative contention that section 654 should have applied to stay his sentence on the receiving stolen property count.

## DISPOSITION

Defendant's conviction on count two is reversed and the corresponding sentence is vacated. The matter is remanded for resentencing, and the trial court is directed to prepare an amended abstract of judgment accordingly. The trial court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation and to the Yolo County Sheriff's Department. The judgment is affirmed in all other respects.


              ROBIE       , Acting P. J.


We concur:



      MURRAY      , J.



      DUARTE      , J.

4