Filed 10/31/13  Selzer v. HSBC Bank USA CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| I. LIONEL SELZER,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>HSBC BANK USA, N.A., et al.,<br><br>　　　　Defendants and Respondents. | A136528<br><br>(Marin County<br>Super. Ct. No. CIV1100824) |

Plaintiff I. Lionel Selzer, acting in propria persona, appeals from a judgment of dismissal entered after the trial court sustained a demurrer without leave to amend. Selzer does not challenge the order sustaining the demurrer but instead claims the judgment should be set aside because the trial court erred in ruling on two earlier, nondispositive motions—a defense motion to dissolve a preliminary injunction and a motion by Selzer seeking leave to amend the complaint to add a defendant.  We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

We begin by noting that the record of what transpired in the trial court is far from complete.  Where necessary to understand the procedural history of the case, we will refer to the register of actions supplied by the trial court.

The operative complaint below is the third amended verified complaint for damages (hereafter, third amended complaint), which Selzer filed on April 26, 2012. According to the third amended complaint, Selzer stopped making mortgage payments to his lender in 2008 after he suffered a financial setback.  He allegedly sought to modify or

1

restructure the loan secured by his residence but failed in that effort. He alleges the lender proceeded to foreclose even though it failed to comply with a statute requiring a mortgagee to explore options to avoid foreclosure. Selzer asserts ten causes of action in the third amended complaint, including claims for breach of contract, quiet title, fraud, unfair business practices, and violation of Civil Code section 2932.6. Selzer seeks to set aside the foreclosure sale and requests compensatory and punitive damages. Respondents HSBC Bank USA, N.A. (HSBC) and OneWest Bank, F.S.B. (OneWest) are named as defendants in the third amended complaint.

The lawsuit was originally filed in 2011, as confirmed by the register of actions. In July 2011, the trial court issued a preliminary injunction preventing the defendants from selling the subject property or removing Selzer from the property as long as he paid $1,500 per month in rent. In August 2011, the trial court dissolved the preliminary injunction on the ground that Selzer had failed to comply with his obligation to pay reasonable rent. The record before this court does not include the original preliminary injunction, the motion to dissolve the preliminary injunction, or the order dissolving the preliminary injunction. The only pleading or order in the record that relates to the preliminary injunction is a copy of Selzer's opposition to the motion to dissolve the preliminary injunction.

The register of actions reflects that Selzer moved to amend the complaint at some point in the first half of 2012. The trial court granted the motion in part but denied Selzer's request to add a new party. In his appellate brief, Selzer claims he sought to add as a defendant Merscorp, Inc. dba Mortgage Electronic Registration System, Inc. (MERS). The record on appeal does not include any of the pleadings or orders related to Selzer's motion to amend the complaint.

Following the ruling allowing Selzer to file an amended complaint, he filed his third amended complaint, which is the operative complaint described above. HSBC and OneWest filed a demurrer to the third amended complaint. In their brief in support of the demurrer, HSBC and OneWest pointed out that the subject property had been sold to HSBC in a foreclosure sale conducted in 2010. Among other arguments advanced by

2

HSBC and OneWest, they contended that Selzer lacks standing to set aside the foreclosure sale because he failed to tender the amount owed on the loan.

The trial court sustained the demurrer without leave to amend and thereafter entered a judgment of dismissal as to OneWest and HSBC. Selzer filed a timely appeal from the judgment of dismissal.

## DISCUSSION

Selzer raises two claims of error on appeal. First, he contends the trial court erred in dissolving the preliminary injunction. Second, he argues that the court erred in denying his request to add MERS as a defendant. He does not challenge the order sustaining the demurrer without leave to amend.

At the outset, we note that Selzer's opening brief fails to contain any citations to the record. The California Rules of Court require not only that an appellant provide a summary of significant facts but also that any reference to a matter in the record be supported by a proper citation. (Cal. Rules of Court, rule 8.204(a)(1)(C) & (2)(C).) "It is the duty of [appellant] to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.]" (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.) This basic requirement of appellate practice applies to a court's review of a judgment following a demurrer that has been sustained without leave to amend. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.) The requirement is a corollary to the equally fundamental principle that a judgment is presumed correct on appeal, "and a party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881.)

We would be justified in considering Selzer's claims of error waived as a result of his failure to cite to the record. (See *Arbaugh v. Procter & Gamble Mfg. Co.* (1978) 80 Cal.App.3d 500, 504, fn. 1.) His appeal suffers from an even more fundamental flaw, however, because he has failed to provide this court with a record sufficient to enable informed appellate review. Specifically, the record provided to this court is insufficient to assess his claims that the court erred in dissolving the preliminary injunction and in

denying his request to add MERS as a defendant. The only document in the record bearing on the order dissolving the preliminary injunction is an opposition brief filed by Selzer. With regard to the motion to amend, aside from references in the register of actions to the motion and the court's ruling, the record on appeal does not include any of the motion papers, a transcript of the hearing on that motion, or the court's order on the motion.

The appellant bears the burden of providing a record sufficient to assess error. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9; see also *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 ["Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff."].)

We are aware that Selzer brings this appeal without the benefit of legal representation, but his status as an in propria persona litigant does not exempt him from the rules of appellate procedure or relieve him of his burden on appeal. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) We treat in propria persona litigants like any other party, affording them " 'the same, but no greater consideration than other litigants and attorneys.' " (*Id.* at p. 1247.)

The standard of review for an order dissolving a preliminary injunction is abuse of discretion. (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1495.) Likewise, we apply an abuse of discretion standard to the question of whether the trial court erred in denying leave to amend a complaint. (*McGuan v. Endovascular Technologies, Inc.* (2010) 182 Cal.App.4th 974, 987.) In this case, we are in no position to assess whether the trial court abused its discretion with respect to either the order dissolving the preliminary injunction or the ruling on the motion to amend without a record of the factual and legal contentions presented to that court. Accordingly, we reject Selzer's contentions for lack of support in the record supplied to this court.

4

Even if we were to overlook the lack of an adequate record, we would still reach the same end result. An order dissolving a preliminary injunction is immediately appealable. (Code Civ. Proc., § 904.1, subd. (a)(6).) Such an order cannot be challenged in an appeal filed after entry of final judgment. (Cf. *Jacobs Farm/Del Cabo, Inc. v. Western Farm Service, Inc.* (2010) 190 Cal.App.4th 1502, 1520.) Here, because the notice of appeal was filed more than one year after entry of the order dissolving the preliminary injunction, the appeal is untimely as to that order. (Cal. Rules of Court, rule 8.104(a); *Bourhis v. Lord* (2013) 56 Cal.4th 320, 324–325 [time to appeal is jurisdictional].)

As for Selzer's contention that the court erred in denying his request to include MERS as a defendant, he has failed to explain how the court abused its discretion or in what manner he was prejudiced by the court's order. Although he asserts in conclusory fashion that MERS is a necessary party, he neglects to explain why that is the case. When, as here, an argument is not supported by "reasoned argument and citations to relevant authority, we may treat the argument as waived and disregard it." (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1260.) Therefore, even if Selzer had provided this court with an adequate record, we would still reject his contentions.

5

## DISPOSITION

The judgment is affirmed.  Respondents shall be entitled to recover their costs on appeal.

_____

McGuiness, P.J.

We concur:

_____

Siggins, J.

_____

Jenkins, J.