Filed 8/18/14  P. v. Collins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C074428 |
| Plaintiff and Respondent, | (Super. Ct. No. CM038471) |
| v. | |
| MICHAEL LYNN COLLINS, | |
| Defendant and Appellant. | |

Defendant Michael Lynn Collins pleaded no contest to indecent exposure with a prior conviction of the same offense (Pen. Code, § 314, subd. 1)[1] and admitted that he had served prison terms for two other prior convictions (§ 667.5, subd. (b)).  Defendant was sentenced to state prison for the upper term of three years plus two years for the prior convictions.  The trial court issued a certificate of probable cause.  (§ 1237.5.)

---

[1] Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends the trial court erred when it determined that there were no circumstances in mitigation of his offense. We shall affirm.

## FACTUAL BACKGROUND[2]

On April 3, 2013, Jack Xiong saw defendant walk across his family's property and onto his family's porch. Defendant attempted to open the front door but it was locked. When Xiong entered the residence, defendant tried to follow him inside, saying he needed somewhere to sleep, but Xiong pushed him away.

A member of the Xiong family telephoned the Butte County Sheriff's Office. During the telephone call, defendant pulled down his pants, exposed his penis, and began masturbating on the front porch. Xiong and two of his family members observed defendant masturbating. They remained inside the residence until a sheriff's deputy arrived.

After being advised of his constitutional rights, defendant told a deputy that he was homosexual and was looking for sex. He indicated that he knew it was illegal to expose his penis and masturbate in public. He was arrested and booked into the Butte County Jail.

Defendant has two 2012 prior convictions of violation of section 314, subdivision (1). In the first incident, defendant began masturbating while standing a few inches from a woman seated on a park bench. In the second incident, defendant was found masturbating in the restroom of a restaurant.

Defendant had previously served prison terms for two felony convictions: attempted grand theft in 2007 and possession of unlawful drugs in 2009.

---

[2] Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report.

## DISCUSSION

### *Selection of the Upper Term of Imprisonment*

Defendant contends the trial court erred when it rejected defense counsel's assertion of two mitigating circumstances: Defendant pleaded at an early stage of the proceeding (a little over a month after the offense) (Cal. Rules of Court, rule 4.423(b)(3))[3] and defendant suffered from mental illness (rule 4.423(b)(2)). Defendant argues the court's finding that there were "no circumstances in mitigation" affirmatively demonstrates that the court failed to consider relevant criteria and thus abused its discretion. We disagree.

### *A. Background*

The offense occurred on April 3, 2013. Defendant entered his no contest plea a little more than a month later, on May 7, 2013.

The probation report recommended the upper term of three years based on three aggravating circumstances: Defendant's prior convictions as an adult are numerous (rule 4.421(b)(2)); he has served a prior prison term (rule 4.421(b)(3)); and his prior performance on probation and parole was unsatisfactory (rule 4.421(b)(5)). The report stated, "No factors in mitigation appear to apply."

At sentencing, the trial court stated that it had read and considered the probation report and intended to impose the upper term, but it wished first to hear from counsel.

Defense counsel urged the court to impose the middle term of two years because defendant "has a long history of mental illness" as stated in the probation report. Counsel noted that defendant receives Supplemental Security Income for "mental disability" and that he has been treated at Napa State Hospital and other mental hospitals. Counsel noted that defendant's competency had been at issue in his prior legal proceedings. In the

---

[3] Further references to rules are to the California Rules of Court.

3

present case, a competency evaluation by Don Stembridge, Ph.D., indicated that defendant had been diagnosed with psychosis and was being treated with medication.

Defense counsel also argued in mitigation that defendant had "admit[ted] culpability at an early phase," and that, at 58 years old, he "is what I would consider aged."

The prosecutor argued that although the probation report recognizes defendant has "a serious and persistent mental health disorder," the report also notes that "his mental health condition does not amount to a defense." The prosecutor also noted that defendant's offense was "not a victimless crime" and argued that given defendant's "significant criminal history" an upper term would be appropriate.

The trial court ruled as follows:

"It is the Court's intention, while *I have reviewed the circumstances in aggravation and the circumstances in mitigation*, and I find that the circumstances in aggravation outweigh the circumstances in mitigation.

"Specifically in aggravation, the victims were particularly vulnerable. [Defendant] engaged in conduct that indicates a serious danger to society. His prior convictions as an adult are numerous and of increasing seriousness. He was on parole when the crime was committed. His prior performance on probation and parole has been unsatisfactory. He has a history of three felonies, 19 misdemeanors.

"These [*sic*] offense occurred on April 3rd, 2013. On July 27th, 2012, he was arrested for indecent exposure at [a restaurant] and was allowed to plead to a misdemeanor. He was sentenced to one year in jail and served six weeks in jail on that one-year sentence before he was released time served.

"February 19th, 2012, he was arrested for indecent exposure at Martin Luther Park. Two victims were present. He pled to a felony. He was given probation on

4

April 10th, 2012. And in August 2012, his probation was terminated unsuccessfully in light of [his] current offense.

"*I find no circumstances in mitigation.*

"Therefore the defendant is sentenced to the Department of Corrections for a period of [three] years.

"The Court orders him to serve an additional consecutive term for each one of the prior prison terms of one year each for a total aggregate sentence of [five] years." (Italics added.)

### B.  Legal Framework

The present sentencing scheme affords a trial court broad discretion and its sentencing decision is reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 (*Sandoval*).) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' [Citation.] As under the former scheme, a trial court will abuse its discretion under the amended scheme if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision. [Citations.] A failure to exercise discretion also may constitute an abuse of discretion." (*Id.* at pp. 847-848.)

"[O]n appeal a judgment is presumed correct, and a party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881 (*Garza*).)

Consistent with this presumption, rule 4.409 provides, "Relevant criteria enumerated in these rules must be considered by the sentencing judge, and *will be*

*deemed to have been considered unless the record affirmatively reflects otherwise*.”
(Italics added.)

### C. *The Trial Court Considered Mitigating Circumstances*

Under rule 4.409, the trial court is deemed to have considered the two mitigating circumstances argued by defense counsel “unless the record affirmatively reflects otherwise.”  There is no affirmative reflection, because the trial court’s ruling on mitigating circumstances was patently ambiguous.  The court first claimed to have “*reviewed* the circumstances in aggravation *and the circumstances in mitigation*” and to have found that “the circumstances in aggravation *outweigh the circumstances in mitigation.*”  (Italics added.)  But the court later claimed to have “[*found*] *no circumstances in mitigation*” to review or weigh against the aggravating circumstances.  (Italics added.)  Because the court seemingly indicated *both* that mitigating circumstances had been reviewed *and* that they did not exist to be reviewed, the *record* does not affirmatively reflect *either* adequate consideration of the circumstances *or* lack of consideration.  Under these circumstances, rule 4.409 deems the mitigating circumstances to have been considered by the court.

We would reach the same result even without rule 4.409.  Because the judgment is presumed correct (*Garza*, *supra*, 35 Cal.4th at p. 881), we would resolve the ambiguity most favorably to the judgment and conclude from all the trial court’s remarks that it reviewed the mitigating circumstances argued by defense counsel and found no circumstance *that would alter the court’s indication of an upper term sentence*.[4]
Defendant’s contrary argument—that the court somehow “weigh[ed] what it later deemed

---

**4** Our resolution of the ambiguity is somewhat similar to the People’s resolution, i.e., that the trial court believed “the weight of the aggravating circumstances was overwhelming, regardless of whether any mitigating circumstances were found.”

6

not to exist"—overlooks our standard of review and resolves the ambiguity adversely to the judgment.

*People v. Burney* (1981) 115 Cal.App.3d 497, on which defendant relies, is distinguishable because the trial court in that case said *only* that it " 'finds no circumstances in mitigation' " and *did not say* that it had weighed aggravating and mitigating circumstances. (*Id*. at p. 505.) Under those circumstances, the predecessor of rule 4.409 required an opposite result. (*Burney*, at p. 505.)

### D. *Exercise of Discretion to Select Upper Term*

The remaining question is whether the trial court's selection of the upper term notwithstanding defendant's mental condition and his early entry of the plea was an abuse of discretion. (*Sandoval*, *supra*, 41 Cal.4th at p. 847.) The answer is no.

Under the determinate sentencing law, the presence of a single aggravating circumstance renders it lawful for the trial court to impose an upper term sentence. (*People v. Black* (2007) 41 Cal.4th 799, 815.) In this case, the trial court cited several aggravating circumstances. The victims were particularly vulnerable. (Rule 4.421(a)(3).) Defendant's prior convictions as an adult were numerous (19 misdemeanor convictions and three felony convictions) and of increasing seriousness. (Rule 4.421(b)(2).) Defendant had served prison terms in 1992, 2007, and 2009 for controlled substances and attempted theft. (Rule 4.421(b)(3).) Defendant's prior performance on probation and parole was abysmal with nine parole violations and nine probation violations since 1982. (Rule 4.421(b)(5).) Defendant was on parole at the time of the present offense. (Rule 4.421(b)(4).)

Defendant entered his no contest plea a little more than a month after the offense. We assume for present purposes that the plea was at an early stage of the criminal process (rule 4.423(b)(3)) and that it had the same legal effect as a guilty plea (§ 1016, subd. 3). We also assume, contrary to the People's argument, that defendant was entitled to the

7

benefit of the rule of court even though he subsequently told the probation officer that he had not masturbated on the porch.

The record does not indicate whether defendant was suffering from a mental condition *that significantly reduced his culpability for the crime*. (Rule 4.423(b)(2).) The competency evaluation by Dr. Stembridge indicated that defendant had been diagnosed with psychosis and was being treated with medication. The report suggests that the medication is at least somewhat successful: It notes the opinion of correctional officers familiar with defendant that "when he is taking his antipsychotic medication, he is generally well-behaved [*sic*]."

The present record does not reveal whether defendant was taking his medication at the time of the offense.[5] If his psychosis was being treated successfully, and he committed the offense for reasons unrelated to the psychosis, his mental condition would not "significantly reduce[] his culpability for the crime" within the meaning of rule 4.423(b)(2). On this record, the trial court could do no more than speculate whether defendant's mental condition was a mitigating circumstance.

The remaining question is whether the trial court abused its discretion when it concluded, notwithstanding defendant's early admission of wrongdoing, that the upper term was appropriate in light of the aggravating factors set forth above. Defendant "does not dispute" that, if the rule 4.409 presumption applies, the trial court's exercise of sentencing discretion may be upheld on appeal. Having determined that the presumption applies, we now conclude the trial court's selection of the upper term of imprisonment was not an abuse of its broad discretion. (*Sandoval*, *supra*, 41 Cal.4th at p. 847.)

---

[5] Our conclusion is based on the state of the appellate record. We do not mean to suggest that defendant could have presented expert testimony on the issue at sentencing. (See *People v. Stuckey* (2009) 175 Cal.App.4th 898, 905.)

8

## DISPOSITION

The judgment is affirmed.

                                                                        BUTZ        , J.

We concur:

RAYE        , P. J.

ROBIE       , J.

9