Filed 12/29/15  P. v. Smith CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMAAR SMITH,<br><br>    Defendant and Appellant. | 2d Crim. No. B260856<br>(Super. Ct. No. 2014004802)<br>(Ventura County) |

Jamaar Smith appeals an order denying his petition to recall his sentence and reduce his conviction for taking a vehicle without consent to a misdemeanor pursuant to Proposition 47, which enacted the Safe Neighborhoods and Schools Act ("the Act").  (Pen. Code, § 1170.18.)  We affirm.

*BACKGROUND*

Smith took a 2014 Nissan Altima from the driveway of a residence.[1]  It was a rental car, owned by Enterprise Rental Company (Enterprise).  Smith used the car for a month.

Smith pled guilty to taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a), hereafter "section 10851") and misdemeanor battery (Pen. Code, § 242).  He has a lengthy criminal history, including two prior violations of section 10851, subdivision (a).  He served three prior prison terms.  (Pen. Code, § 667.5, subd. (b).)  The

---

[1] The facts are derived from the probation report, which Smith agreed may be used as a factual basis for his plea.

trial court sentenced him to a term of five years, but suspended imposition of sentence and placed Smith on probation so that he could participate in a residential treatment program.

The trial court ordered Smith to pay $929.30 to Enterprise Car Rental. Enterprise recovered the car. Its insurance company reimbursed Enterprise for loss of use. Enterprise paid $929.30 for repairs.

Smith violated the terms of probation three months after sentencing. In October 2014, the trial court imposed execution of the five-year term.

In November 2014, the voters passed Proposition 47, which enacted the Act. Smith filed a petition for recall of his sentence and resentencing as a misdemeanor. The trial court denied the petition on the ground that the Act does not reduce the violation of section 10851 to a misdemeanor.

*DISCUSSION*

Approved by the voters on November 4, 2014, the Act reduces specified felonies to misdemeanors and authorizes resentencing for anyone who is currently serving a sentence for a "listed" offense. Section 10851 is not listed. Property theft is. (Pen. Code, § 490.2.) Penal Code section 490.2, subdivision (a) provides, "Notwithstanding Section 487 [grand theft] or any other provision of law defining grand theft, *obtaining any property by theft* where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Italics added.)

Smith contends that section 10851 is another provision defining property theft within the meaning of Penal Code section 490.2, and therefore he is eligible for resentencing under the Act. The Attorney General argues that section 10851 does not define theft because theft requires intent to permanently deprive, whereas section 10851 may be violated by taking a vehicle with intent to "temporarily deprive the owner" of possession of the vehicle. (§ 10851, subd. (a); *People v. Frye* (1994) 28 Cal.App.4th 1080, 1086 [section 10851 can be violated by driving a car, even if the original taking was by someone else]; *People v. Garza* (2005) 35 Cal.4th 866, 871 [violation of section 10851, subdivision (a) for unlawful taking of a vehicle with the intent to permanently deprive the owner of possession

2

is a theft; "[o]n the other hand, unlawful driving of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete"].)

Smith contends section 10851 defines property theft within the meaning of Penal Code section 490.2 because section 10851 can be violated with no extra element beyond what is required for grand theft auto. (Pen. Code, § 487, subd. (d)(1).) Penal Code section 490.2 reduces grand theft auto to a misdemeanor if the property value is $950 or less. Section 10851 is a lesser-included offense of grand theft auto. (*People v. Barrick* (1982) 33 Cal.3d 115, 128.) Smith argues it would be absurd to interpret Proposition 47 to reduce the greater but not the lesser offense.

Whether or not Penal Code section 490.2 includes section 10851, the trial court properly denied the petition because Smith did not meet his burden to prove that the value of the vehicle did not exceed $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 [if the crime is a theft offense under sections 459.5, 473, 476a, 490.2, or 496, the petitioner has the burden of proving the value of the property did not exceed $950].) In fact, the record suggests the vehicle, a 2014 Nissan Altima, was worth significantly more. Repairs alone were almost $950, as Smith acknowledges. Smith did not meet his burden of providing evidence that the "value of the . . . personal property taken does not exceed nine hundred fifty dollars." (Pen. Code, § 490.2, subd. (a).)

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

3

Donald D. Coleman, Judge

Superior Court County of Ventura

_____


Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, William Quest, Benjamin J. Maserang, Senior Deputy Public Defenders, Ashley Jones, Deputy Public Defender, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Tita Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.