Filed 3/16/18

# TO BE PUBLISHED IN THE OFFICIAL REPORTS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

### APPELLATE DIVISION

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff(s) and Respondent(s),<br>   v.<br><br>JEFFREY WOLF,<br><br>        Defendant(s) and Appellant(s). | LEAD CASE:<br>Appellate Division No.: CA271353<br>Trial Court Case No.:   M214209<br>Trial Court Location:   Central Division |
| THE PEOPLE,<br><br>        Plaintiff(s) and Respondent(s),<br>   v.<br><br>THOMAS VARUOLO,<br><br>        Defendant(s) and Appellant(s). | Appellate Division No.: CA271362<br>Trial Court Case No.:   M216752<br>Trial Court Location:   Central Division<br><br><br>**OPINION** |

APPEAL from the denials of demurrers, granting of motion to quash subpoenas, and denying motions to dismiss on behalf of Jeffrey Wolf and Thomas Varuolo, after hearings by the Superior Court, San Diego County, Melinda J. Lasater, Kenneth K. So, David M. Gill, Joan P. Weber, Lorna A. Alksne, and Albert T. Harutunian, III, Judges. Following argument on March 15, 2018, this consolidated matter was taken under submission.

AFFIRMED.

Appellants argue the San Diego County District Attorney has no authority to deputize City of San Diego Deputy City Attorneys to prosecute misdemeanors that occurred in the City of Poway and filed in the Central (downtown San Diego) Division of the Superior Court. Appellants also argue City of San Diego Deputy City Attorneys have no authority to prosecute misdemeanor offenses that occurred outside the boundaries of the City of San Diego. These arguments might be appropriate before applicable legislative or executive branches of government, but they are not relevant in the context of Mr. Wolf's or Mr. Varuolo's cases. Furthermore, Appellants lack standing to challenge the authority of the prosecuting agency in these criminal cases.

Quo warranto is the specific action by which one challenges "any person who usurps, intrudes into, or unlawfully hold or exercises any public office…." (Code Civ. Proc., § 803.) It is the exclusive remedy in cases where it is available. (*Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 633.) District Attorneys and City Attorneys are public officers. (*Coulter v. Pool* (1921) 187 Cal. 181, 187.) Title to an office cannot be tried by mandamus, injunction, writ of certiorari, petition for declaratory relief or in a criminal case as a collateral issue. (*People v. Bowen* (1991) 231 Cal.App.3d 783, 789.) Furthermore, the de facto officer doctrine requires that a valid challenge to the authority of a public officer must be raised and resolved in a separate proceeding. (*Marine Forests Soc. v. California Coastal Commission* (2005) 36 Cal.4th 1, 54 - 55.)

Government Code sections 24101 and 24102 establish authority and procedures for District Attorneys to approve and authorize deputies. In these cases, the San Diego County District Attorney approved and authorized City of San Diego Deputy City Attorneys to prosecute misdemeanor offenses that occurred within the City of Poway. All of the cases and statutes cited by Appellants are distinguishable from the facts in this case or do not support Appellants' legal argument. Appellants are unable to cite any applicable case law or statute that supports their demurrers, dismissal of the charges or reversal of the trial court's decision to quash the subpoenas served on the District Attorney, her assistant, and chief deputy.

Finally, Appellants failed to allege any "prejudicial error amounting to a miscarriage of justice." (*People v. Garza* (2005) 35 Cal.4th 866, 881.) California Constitution, article VI, section

13 provides that "[n]o judgment shall be set aside…for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." A review of the record in these matters clearly shows there was no miscarriage of justice.

The trial court's orders overruling the demurrers, denying the motions to dismiss, quashing the subpoenas, and the finding of guilt following the bench trials are affirmed.

_____
CHARLES R. GILL
Presiding Judge, Appellate Division

KANESHIRO, J., concurring:

I concur.

_____
GALE E. KANESHIRO
Judge, Appellate Division

SHORE, J., concurring:

I concur.

_____
HOWARD H. SHORE
Judge, Appellate Division

Counsel:

Mara Elliot, City Attorney, Jonathan Lapin, Deputy City Attorney, for Plaintiff and Respondent.

Michael Fremont, for Defendant and Appellant.