Filed 8/17/16  P. v. McNair CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAVANCE MCNAIR,<br><br>    Defendant and Appellant. | B267657<br><br>(Los Angeles County<br>Super. Ct. No. NA083700) |

APPEAL from an order of the Superior Court of Los Angeles County.  James Otto, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant LaVance McNair (defendant) appeals from an order denying his petition for resentencing under Proposition 47, the Safe Neighborhood and Schools Act (Proposition 47 or the initiative), asking that his felony convictions under Vehicle Code section 10851, subdivision (a) and Penal Code section 666.5 be reduced to misdemeanors.[1]  We affirm the trial court's order.

## BACKGROUND[2]

Defendant was convicted in 2010 of unlawfully driving or taking a car, in violation of Vehicle Code section 10851, subdivision (a), and unlawfully driving or taking a car with a prior conviction, in violation of Penal Code section 666.5.[3]  During a sting operation, law enforcement officers left keys in a 2000 Toyota Camry with the motor running.  Defendant drove the car without consent while the officers observed and videotaped the event.  The trial court sentenced defendant to a total term of 10 years in state prison.

In January 2015, defendant filed a petition for resentencing under Proposition 47. On February 11, 2015, the trial court summarily denied defendant's petition on the ground that his offenses were ineligible for resentencing.  This appeal followed.

## DISCUSSION

In November 2014, California voters approved Proposition 47, which reduced certain drug and theft offenses from felonies to misdemeanors.  (§ 1170.18, subd. (a).) Proposition 47 added section 1170.18, which allows a person currently serving a felony sentence "who would have been guilty of a misdemeanor" if Proposition 47 had been in

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Many of the facts are set forth in our previous opinion where defendant appealed the judgment entered on his Penal Code section 666.5 and Vehicle Code section 10851 convictions.  (*People v. McNair* (B227076, Sept. 29, 2011) [nonpub. opn.].)  We restate the relevant facts as necessary.

[3]     At trial, the prosecution presented a certified record of defendant's prior conviction of Vehicle Code section 10851.  Defendant was also found to have served six prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

effect at the time of the offense, to petition the court for resentencing "in accordance with" certain specified statutes that "have been amended or added by this act" and that provide for different, lesser punishment than applied before Proposition 47. (§ 1170.18, subd. (a).)[4]

Section 490.2 is listed in section 1170.18 as one of the specific statutes amended or added by Proposition 47. Section 490.2 provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (§ 490.2, subd. (a).)

Defendant contends his offenses are eligible for resentencing under Proposition 47 if he can establish that the offenses qualify as petty thefts under section 490.2, i.e., that he committed theft of a vehicle valued at $950 or less. Defendant argues that his position is supported by the language of section 490.2, which does not carve out an exception for vehicles from the broad definition of the types of personal property covered by the statute. Defendant contends his interpretation is consistent with the purpose and intent of Proposition 47 "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Official Title and Summary, text of Prop. 47, § 2, p. 70.) Defendant further contends his position is supported by the express language of Proposition 47,

---

[4] The full text of section 1170.18, subdivision (a) states: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

which requires a liberal construction of its provisions. (*Id.,* § 18, p. 74 [this act shall be liberally construed to effectuate its purpose].)

The issue as framed by defendant -- whether felony violations of Vehicle Code section 10851 and Penal Code section 666.5 are eligible for resentencing under Proposition 47 -- is currently pending before the California Supreme Court. (See *People v. Ortiz,* review granted Mar. 16, 2016, S232344; *People v. Haywood*, review granted, Mar. 9, 2016, S232250; *People v. Page*, review granted Jan. 27, 2016, S230793.) Absent further guidance from the Supreme Court, and for reasons we discuss, we find defendant's arguments to be unpersuasive and hold that his convictions under Vehicle Code section 10851 and Penal Code section 666.5 are ineligible for resentencing under section 1170.18.

As discussed, section 1170.18 allows a person "who would have been guilty of a misdemeanor" had Proposition 47 been in effect at the time of the offense, to petition for resentencing in accordance with certain enumerated statutes that were amended or added by Proposition 47. (§ 1170.18, subd. (a).) It is uncertain whether defendant would have been guilty of a misdemeanor if Proposition 47 had been in effect at the time of his offense. A violation of Vehicle Code section 10851 is a "wobbler" offense, punishable either as a misdemeanor or a felony. (Veh. Code, § 10851, subd. (a).) Proposition 47 did not amend the language of Vehicle Code section 10851, subdivision (a). Defendant therefore could have been convicted of a felony violation of section 10851, either before or after Proposition 47. He is not a person "who would have been guilty of a misdemeanor" had Proposition 47 been in effect at the time of his offense and is accordingly ineligible for resentencing under Penal Code section 1170.18, subdivision (a).

The plain language of section 1170.18 is also incompatible with defendant's position. Section 1170.18 provides a means for an offender to petition for resentencing "in accordance with" certain enumerated statutes that were amended or added by Proposition 47 and that provide for different, lesser punishment than applied before enactment of Proposition 47. Vehicle Code section 10851 is not included among the

4

enumerated statutes added or amended by Proposition 47. Its statutory language imposing punishment for violations remains the same, both before and after enactment of the initiative. Because the same sentencing considerations apply to defendant's conviction under Vehicle Code section 10851 before and after Proposition 47, there is no basis for reconsidering or reducing the sentence initially imposed.

Defendant argues that Vehicle Code section 10851 is a theft offense eligible for resentencing by operation of Penal Code section 490.2 so long as he can demonstrate that the theft involved an automobile valued at $950 or less. Section 490.2 does not broadly cover all theft offenses. The statute, on its face, does no more than amend the definition of grand theft, as defined in section 487 "or any other provision of law" by redefining a limited subset of offenses that would formerly have been grand theft to petty theft. (§ 490.2, subd. (a).) Vehicle Code section 10851 does not define the taking a vehicle as grand theft or petty theft; rather, it proscribes taking or driving a vehicle "with or without intent to steal." (Veh. Code, § 10851, subd. (a).) Our Supreme Court noted in *People v. Garza* (2005) 35 Cal.4th 866, that Vehicle Code section 10851 "'proscribes a wide range of conduct.' [Citation.] A person can violate section 10851(a) 'either by taking a vehicle with the intent to steal it or by driving it with intent only to temporarily deprive its owner of possession (i.e., joyriding).' [Citations.]" (*Garza, supra*, at p. 876.) Unlawful taking or driving of a vehicle does not come within the ambit of Penal Code section 1170.18 by operation of section 490.2.

In a further attempt to bolster his argument that Vehicle Code section 10851 is a theft offense eligible for resentencing under Proposition 47, defendant cites Penal Code section 666, which elevates a misdemeanor petty theft to a "wobbler" offense for certain recidivist offenders. As amended by Proposition 47, section 666 continues to include "auto theft under Section 10851 of the Vehicle Code" among the list of thefts to which it applies. (Pen. Code, § 666, subd. (a).) We are not persuaded that this classification of Vehicle Code section 10851 as a theft offense for the purpose of imposing harsher punishment for certain recidivist offenders is evidence of any electoral intent to include that statute in an entirely unrelated section of the initiative for the ameliorative purpose of

5

resentencing as a misdemeanor.  Unlike Penal Code section 490.2, section 666 does not reduce any offense to a misdemeanor after Proposition 47 was enacted.

We conclude that violations of Vehicle Code section 10851 and Penal Code section 666.5 are not offenses that are eligible for resentencing under Proposition 47.[5]

**DISPOSITION**

The order denying the petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ


We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST

---

[5]   In view of our holding, we need not address an alternate ground for denying defendant's petition -- failure to satisfy his burden of proof that his Vehicle Code section 10851 and Penal Code section 666.5 convictions involved a vehicle less than $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 877.)