Filed 9/4/20  In re B.G. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re B.G., a Person Coming Under the Juvenile Court Law. | C081515 |
| THE PEOPLE, | (Super. Ct. No. JV136978) |
| Plaintiff and Respondent, | |
| v. | |
| B.G., | |
| Defendant and Appellant. | |

A juvenile wardship petition alleged two counts against the minor B.G.:  unlawful driving and taking of a motor vehicle and receiving a stolen motor vehicle.  (Veh. Code, § 10851, subd. (a); Pen. Code, § 496d, subd. (a).)[1]  Following a contested jurisdictional hearing, the court sustained the petition and reduced the counts to misdemeanors.  The

---

[1] Undesignated statutory references are to the Vehicle Code.

1

court adjudged the minor a ward of the court and committed him to juvenile hall. The minor appeals, challenging the sufficiency of the evidence and arguing the true findings on both counts violate the proscription against dual conviction. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A juvenile wardship petition alleged the minor committed two crimes: count one, unlawful driving and taking of a motor vehicle and count two, receiving a stolen motor vehicle. The minor waived formal arraignment and the court ordered the minor detained.

A contested jurisdiction hearing followed. The following facts were presented at the hearing.

In December 2015 Rigoberto Reyes was keeping watch over his brother-in-law Jose Ortega's house. When Reyes went by the house on December 10, 2015, Ortega's BMW and Honda were there. However, on December 13, 2015, both cars were gone. Reyes went into the house and discovered the car keys and other valuables were gone and the house had been ransacked. Ortega had not given anyone permission to take or drive his cars.

Two days later the minor was driving Ortega's Honda in Sacramento. Officer Phillip Monelo ran the license plate and discovered the Honda had been reported stolen. Officer Monelo pulled the Honda over and requested the minor get out of the car.

The minor did not offer an explanation as to where he got the car and did not provide a bill of sale, pink slip, transfer of title, or registration for the car. Nor did he provide a driver's license. The minor told Officer Monelo he used to live in Woodland, but had recently moved to Sacramento. Officer Monelo read the minor his *Miranda*[2] warnings and the minor invoked his right to remain silent. No pink slip was found in the

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

Honda and the minor did not have a driver's license. The minor was arrested and taken to juvenile hall.

The Honda was towed to an impound lot. When Ortega retrieved the Honda, he noticed the hood was damaged, a taillight was broken, and one of the tires had been changed. "Norte" or "N-O-R" was written on the dashboard and on the car's ceiling. The Honda's front license plate was in the car's trunk.

The minor did not call any witnesses.

Following the hearing, the court sustained both counts in the juvenile petition and granted the minor's motion to reduce the counts to misdemeanors. The court found the minor to be a person described within the meaning of Welfare and Institutions Code section 602. The court noted: "There's very little evidence in the case showing what responsibility, if any, [the minor] had for the original theft of these vehicles. [¶] The Court is left with the bare record that he was found in possession of a stolen vehicle with what the Court found to be knowledge that the vehicles were stolen, but his conduct was appropriate when he was stopped by the officers. And I find no other aggravating circumstances, so I'll sustain the petition on both counts as misdemeanors."

The court adjudged the minor a ward of the juvenile court and committed him to juvenile hall to serve 69 days with credit for time served for 60 days and stayed the remaining nine days. The court ordered the minor to complete 35 hours of community service and to pay a restitution fine of $50. The minor filed a timely notice of appeal.

## DISCUSSION

### I

The minor challenges the sufficiency of the evidence that he drove the Honda with the intent to deprive Ortega of possession of his Honda.

3

**Background**

The court found the minor violated section 10851, subdivision (a) by driving Ortega's Honda without consent and that the minor possessed the car knowing it was stolen.

The court stated: "I'm going to find that the allegations in both Count One and Count Two have been proven. I'm not required to state my reasons, but I will so that the reasoning is transparent.

"I understand your point, Mr. Hirsch [defense counsel], that possession alone is not enough to support these convictions. But it's pretty clearly established law that possession of recently stolen property although in and of itself is not sufficient to warrant a conviction for receiving stolen property, it is a highly incriminating nature such that only slight corroborating evidence is necessary to support conviction. [¶] . . . [¶]

"The corroborating evidence, the additional basis for conviction can include the surrounding circumstances. And here in my mind, the additional corroboration is sufficient in and of itself based on the surrounding circumstances. The stolen property in question here is not -- it's of significant value. In other words, it's not a minor item. The character of that property is such that it would be unlikely to be given away or abandoned.

"Second unlike other property, even property of significant value, this is property that's required by state law to be registered. The owner is required to be registered. And it must be insured. And it's common knowledge that those documents must be kept in the vehicle when the vehicle is being operated. The fact that the evidence showed that none of these documents were in the vehicle, I think is some significance tending to show that your client had knowledge of the stolen nature of the property.

"So what I've said I think so far is enough to sustain the conviction. But there's further corroboration in the lack of sufficient explanation under circumstances where a

reasonable person would be expected to present one. So here we have a situation where the minor has been pulled over, a vehicle stop and ultimately arrested for vehicle theft.

"Here I think People versus Miller is directly on point, and I'll just quote from it. The possession of property shortly after the commission of the crime is, of course, an important circumstance. Appellant's failure to offer any explanation when arrested could scarcely be of less significance in the minds of the jury than a confession of guilt. The jurors would naturally and reasonably conclude if he had purchased the property or acquired possession of it, honestly he would be swift to declare and explain the circumstances that vindicated his conduct which I think is the point that [the prosecutor] is making. And this is not a burden on his right of self-incrimination. That was established in the Barnes case and the other cases I cited.

"So for those reasons, I find that beyond a reasonable doubt that the allegations in Counts One and Two have been proved."

**Discussion**

In reviewing the minor's challenge to the sufficiency of the evidence, we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence. Substantial evidence in criminal proceedings is evidence that is credible, reasonable, and of solid value such that a reasonable jury could find the accused guilty beyond a reasonable doubt. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

We do not reassess the credibility of witnesses, and we draw all inferences from the evidence that supports the jury's verdict. (*People v. Olguin* (1994) 31 Cal.App.4th 1355, 1382.) Unless it is physically impossible or inherently improbable, the testimony of a single witness is sufficient to support the conviction. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) As to circumstantial evidence, even if we find the evidence reasonably susceptible to a contrary finding, we reverse only if under no hypothesis whatsoever is there sufficient evidence to support the conviction. (*People v. Kraft* (2000)

5

23 Cal.4th 978, 1053-1054; *People v. Bolin* (1998) 18 Cal.4th 297, 331.) We apply this sufficiency of the evidence standard in cases involving juvenile defendants. (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371.)

**Section 10851**

Section 10851 provides, in part: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with the intent to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense . . . ." (§ 10851, subd. (a).)

A person can violate section 10851 either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession. Taking a vehicle requires that the vehicle be removed from the owner's possession. (*People v. Garza* (2005) 35 Cal.4th 866, 876; *People v. Frye* (1994) 28 Cal.App.4th 1080, 1088.) Prior to the jurisdictional hearing, the prosecutor informed the court that the prosecution's theory was based on the driving aspect of section 10851 rather than the taking aspect.

The driving aspect of section 10851 applies when the defendant either obtains unlawful possession of the vehicle and then forms the specific intent to deprive the owner of possession, or obtains the vehicle under circumstances that indicate knowledge, absent actual taking, that its use or operation deprives the owner of possession. (*People v. Green* (1995) 34 Cal.App.4th 165, 179-180.)

The People must prove that the minor took or drove a vehicle belonging to another without the owner's consent, and that the minor harbored the specific intent to temporarily or permanently deprive the owner of title or possession of the vehicle. The minor's specific intent to deprive the owner of possession may be inferred from all the facts and circumstances of the particular case. Possession of recently stolen property

6

itself raises a strong inference that the minor knew the property was stolen. Only slight corroboration is required to allow for a finding of guilt. (*People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574, 1577.)

The minor concedes the People established that he drove Ortega's Honda without the owner's consent. However, the minor contends the prosecution presented no substantial evidence regarding his intent at the time he drove the vehicle. We disagree.

"Possession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt." (*People v. McFarland* (1962) 58 Cal.2d 748, 754. The court in *McFarland* found a defendant's failure to volunteer an explanation for his possession of stolen property provided sufficient evidence to convict him of theft when the circumstances reveal that a defendant's silence or failure to explain indicates a consciousness of guilt. (*Id.* at p. 756.)

The minor argues he was "simply driving the car." He was not driving in a reckless manner, didn't remove the license plate, or attempt to evade the police. In addition, he did not make "fanciful or conflicting statements to police. His remark that he lived in Woodland and recently moved to Sacramento was not inculpatory, it was simply factual."

However, as the trial court noted, the minor was driving Ortega's Honda without the owner's permission. It had recently been stolen. When officers searched the car, they found no registration or proof of insurance. The minor did not have a driver's license. He failed to offer any explanation in a situation that called out for one. Substantial evidence supports the trial court's finding that the minor drove the Honda with the intent to temporarily deprive Ortega of possession.

**Penal Code Section 496d**

Penal Code section 496d, subdivision (a) provides, in part, "Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in

any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle . . . from the owner, knowing the property to be so stolen or obtained, shall be punished . . . ."

Penal Code section 496d required the prosecution prove the property was stolen, the minor knew it was stolen, and the minor had possession of the property. "The requisite possession of the stolen property may be either actual or constructive, and need not be exclusive. In fact, physical possession is not required, as it is sufficient if the defendant acquires a measure of control or dominion over the stolen property. However, mere presence near the stolen property in and of itself is insufficient evidence of possession to sustain a conviction for receiving stolen property." (*In re Anthony J.* (2004) 117 Cal.App.4th 718, 728.)

Proof of knowing possession by a minor of recently stolen property raises a strong inference of the minor's knowledge of the provenance of the property. This inference is so substantial that only slight additional corroborating evidence is required to permit a finding of guilt. (*People v. Anderson* (1989) 210 Cal.App.3d 414, 420-421.)

Again, the minor concedes the prosecution established he was in possession of the stolen Honda. However, the minor argues the prosecution failed to establish that he knew the vehicle was stolen. Again, we disagree.

The officers who pulled the minor over found no pink slip, bill of sale, or transfer of title in the Honda. The minor was not the registered owner and lacked a driver's license. When Officer Monelo stopped him, the minor offered no explanation for his possession of the vehicle and did not ask why he was being stopped. The trial court found that "the fact that the evidence showed that none of these documents were in the vehicle, I think is some significance tending to show that [the minor] had knowledge of the stolen nature of the property. [¶] . . . [¶] . . . [T]here's further corroboration in the lack of sufficient explanation under circumstances where a reasonable person would be

8

expected to present one." We find sufficient evidence supports the trial court's conclusion.

**Lesser Included Offense**

Finally, the minor contends that if sufficient evidence supports true findings on both counts, this violates the proscription against dual conviction. According to the minor, Penal Code section 496d, subdivision (a) is a lesser included offense of Vehicle Code section 10851.

Here, the prosecution sought to prove the minor guilty of the driving prong of section 10851 and the trial court found the minor guilty of driving the Honda, not stealing the car. "Subdivision (a) of Vehicle Code section 10851 . . . defines the crime of unlawful driving or taking of a vehicle. Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away. For this reason, a defendant convicted under section 10851[, subdivision] (a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction and may not be convicted under [Penal Code] section 496[, subdivision] (a) of receiving the same vehicle as stolen property. On the other hand, unlawful *driving* of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete (for convenience, we will refer to this as posttheft driving.)" (*People v. Garza* (2005) 35 Cal.4th 866, 871 (*Garza*).)

Here, the minor was convicted of driving the Honda with the intent to deprive Ortega of ownership and of possession of a stolen vehicle. Under *Garza* "[a] person who violates section 10851[, subdivision] (a) by taking a car with the intent to permanently deprive the owner of possession, and who is convicted of that offense on that basis, cannot also be convicted of receiving the same vehicle as stolen property. [Citation.] If, on the other hand, a section 10851[, subdivision] (a) conviction is based on posttheft driving, a separate conviction under [Penal Code] section 496[, subdivision] (a) for

9

receiving the same vehicle as stolen property is not precluded." (*Garza, supra*, 35 Cal.4th at p. 876.) We find no error.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
RAYE, P. J.

We concur:

_____/s/_____
BLEASE, J.

_____/s/_____
RENNER, J.