Filed 3/7/22  Howerton v. Cal. Dept. of Social Services CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JEFFREY HOWERTON, | D078322 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2019-00033334-CU-WM-CTL) |
| CALIFORNIA DEPARTMENT OF SOCIAL SERVICES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy Taylor, Judge.  Affirmed.

Jeffrey Howerton, in pro. per. for Plaintiff and Appellant.

No appearance by Defendants and Respondents.

Jeffrey Howerton appeals the trial court's dismissal of the action without prejudice due to abandonment.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Howerton does not provide us with a statement of relevant facts or events, and the record on appeal does not include documents filed in the

underlying action. Accordingly, we take the following facts from the register of actions supplied in the record.

On June 25, 2019, Howerton filed a petition for writ of mandate in superior court. Howerton filed several proofs of service on July 2, 2019. On July 5, 2019, Howerton filed a notice of related case, followed by several proofs of service on July 10, 2019.

On July 15, 2019, Howerton filed motions for disclosure and production of confidential information and to join additional state agencies. He also filed two proofs of service that day and one the following day.

Howerton filed another notice of related case on July 30, 2019, as well as a proof of service. The same day, Howerton filed a request for entry of default, which was denied the following day.

Howerton filed another motion on July 31, 2019, as well as a proof of service.

Between August 1, 2019, and May 26, 2020, Howerton filed 10 notices of related cases. Proofs of service were filed shortly after each notice.

On July 30, 2020, the court issued an order to show cause (OSC) for why the matter should not be dismissed. It set the hearing for September 11, 2020. No parties responded. The court generated and served the minutes.

On September 11, 2020, the court issued an OSC for why the matter should not be dismissed and set the hearing for November 6, 2020. No parties responded to the court's OSC. Nor did any parties appear at the hearing on November 6, 2020. The court found the case abandoned and dismissed the action without prejudice.[1]

Howerton timely appealed.

---

[1]    A judgment includes an appealable order. (Cal. Rules of Court, rule 8.104(e).)

DISCUSSION

At the outset, we observe that Howerton's status as a pro. per. litigant does not exempt him from the rules of appellate procedure or relieve his burden on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 (*Nwosu*).) We treat pro. per. litigants like any other party, affording them " 'the same, but no greater consideration than other litigants and attorney.' " (*Ibid.*) A judgment is presumed correct on appeal, and it is the appellant's burden, whether proceeding in pro. per. or represented by counsel to "affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881 (*Garza*).) "Appellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*); see *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived"]; *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 (*Dabney*) [court disregards argument for which no authority is furnished].)

Code of Civil Procedure[2] section 581 subdivision (d) authorizes a court to dismiss a complaint in its entirety when the plaintiff abandons it before final submission of the case. We review a court's decision to dismiss a cause of action under the provisions of section 581 for an abuse of discretion. (See *Link v. Cater* (1998) 60 Cal.App.4th 1315, 1321 (*Link*) [§ 581, subd. (l), dismissal for failure to appear]; *Vernon v. Great Western Bank* (1996) 51

---

[2]    Further section references are to the Civil Procedure Code unless otherwise specified.

Cal.App.4th 1007, 1012-1013 [§ 581, subd. (b)(5)]; *Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827 [§ 581, subd. (f)(2)]; *Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1054 [§ 581, subd. (c)].)  A court abuses its discretion when its actions are arbitrary or capricious, or exceeds the bounds of reason.  (*Link*, at p. 1321.)  The appellant bears the burden of establishing an abuse of discretion.  (*Gitmed*, at p. 827.)

Howerton asks us to "review CA law regarding time to prosecute" and comments that he "still had time to prosecute the case," but he does not discuss why the court's dismissal for abandonment was an abuse of discretion, as is his obligation.  (*Garza*, *supra*, 35 Cal.4th at p. 881; *Nelson*, *supra*, 172 Cal.App.4th at p. 862.)  He does not cite to the record to support his implication that he planned to prosecute the case.  (See, e.g., *Estates of Collins & Flowers* (2012) 205 Cal.App.4th 1238, 1251, fn. 11 ["Because [party] provides no record citations to support this claim, it is forfeited"]; *Nwosu*, *supra*, 122 Cal.App.4th at p. 1247 [failure to present argument with references to the record results in a forfeiture of any assertion that could have been raised].)  He offers no legal theory for why his inaction and nonresponsiveness to the OSCs fail to support a conclusion of abandonment. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 [issue unsupported by cognizable legal argument may be deemed abandoned

4

or waived].)  Nor does he cite to any California law to support any theory he may have for why the dismissal was improper in this case.[3]  (*Dabney*, *supra*, 104 Cal.App.4th at p. 384.)

Our review of the record supplied by Howerton is stymied by its incompleteness.  The register of actions references numerous proofs of service, but we cannot tell whether any of those proofs of service demonstrate valid service on the defendants, and there are no responsive pleadings listed in the register of actions.  Although the register of actions lists a multitude of proofs of service and notices of related cases, it is not clear how—or if—any of those filings are related to the petition he filed in superior court.  (See Cal. Rules of Court, rule 3.300 [defining "related cases"].)  We cannot discern how the case identified in the opening brief is "indirectly connected" to the matter before us because there is no information in the record about the substance of Howerton's complaint or the substance of the allegedly related case.  In essence, nothing in the record suggests Howerton was actively prosecuting the case or preparing to do so.

What is clear from the record is that more than a year after Howerton filed his initial pleading, the court issued an OSC regarding dismissal, giving Howerton an opportunity to explain his position and what he was doing, if anything, to move the case forward.  But Howerton did not respond to the court's order, either in writing or in person.  And when the court issued a

---

[3]     Howerton cites to several cases from North Carolina, which apparently explain what does and does not constitute failure to prosecute an action in that jurisdiction, but none of the cases Howerton cites have any binding authority on California (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 490 ["out-of-state decisions are not binding on this court"]) or address California procedural law.

second OSC regarding dismissal, Howerton again failed to respond in any manner.

Given Howerton's lack of action and nonresponsiveness, we cannot say the court abused its discretion by determining the case had been abandoned.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

6